PER CURIAM.
Richard V. Harrison, plaintiff and counter-defendant below, appeals a final decree which awarded a divorce to Martha Toole Harrison and gave her custody of three minor children of tender ages.
The appellant, in his brief, states the two following points on this appeal:
“1. Did the lower court commit error in finding that the medical testimony demonstrated that appellee has recovered from her psychiatric problems ; that she has the fitness and ability to have the care, custody and control of three young children; and in changing their custody from appellant to the appellee?
“2. Did the lower court commit error in refusing to hear and consider evidence as to appellee’s continuing unfitness to have custody of three young children?”
We view the question simply as whether, under all the evidence adduced in this trial, the lower court committed error in awarding the care, custody and control of the children to the appellee.
The complaint for divorce was filed in September, 1961, in Pinellas County, Florida. In November of 1961 the cause was transferred to the Circuit Court of Sarasota County, the appropriate venue.
In late May of 1962 the appellee filed an amendment to her counterclaim alleging an additional ground for divorce. In June, 1963, three days of hearings were held and a transcript of 498 pages of testimony and depositions were produced.
After conclusion of the hearings, the court, in early August, indicated an intent to award both the divorce and custody to appellee, but delayed entering a decree in order to permit the parties to negotiate a financial settlement. Attempts at achieving accord with respect to the latter were unsuccessful, however, on August 14th appellant filed his “Petition to Reopen Hearing” *236 seeking to be allowed to present testimony relative to appellee’s alleged continuing mental instability and unfitness as custodian of the children. After a hearing, the parties agreed to permit a court appointed psychiatrist to examine appellee, to submit such “facts” as the court and counsel deemed appropriate to this psychiatrist and to receive his report as to appellee’s fitness for custody. On November 23, 1962, the appointed psychiatrist’s report was tendered the court. It was, objectively, less than reassuring as to appellee’s mental stability and fitness.
/ Several items of correspondence between appellant’s counsel and the court apparently ensued, culminating in appellant filing, on February 7, 1963, a petition for immediate entry of a final decree. This petition negated the right of either party to submit additional evidence and requested a decree awarding appellant custody of the children. Four days later, appellant petitioned for an injunction to restrain appellee from attempting to contact or interfere with appellant or the children.
On March 21, 1963, appellant filed a “suggestion of disqualification” seeking, on several grounds, including failure to enter any decree, to have the lower court judge recuse himself. On March 26th a final decree was entered. The court found the suggestion of disqualification legally insufficient and awarded appellee a divorce and custody of the children.
The lower court, in the final decree, stated :
“From the evidence as a whole, together with the personal observations by the Court of the parties during the course of the trial of this cause, the Court finds that the wife herein has amply demonstrated, by both the medical testimony as a whole, and endurance under extreme stress, her fitness and ability to have the care, custody and control of these children and the husband has failed to demonstrate to the contrary. It is undisputed that the wife had a psychiatric problem. She received treatment and recovered therefrom in spite of the fact that the marital battle began during the course of such treatment. Upon discharge from treatment she was gainfully employed as a nurse, and continued to be so employed to the time of the close of the testimony herein. This she did in spite of the fact that since her discharge from hospitalization she has been without the custody of her children, has only had visitation with the children, during much of the time, in the former marital home, where she was treated as a feared intruder, and during all of which time she as been a party to a highly contested and bitter divorce action. Such a combination of circumstances and conditions would test the sanity of any person, much less one which did have a problem in this field.
“The Court also finds that the wife has amply proven her cause for divorce and that the husband has failed to do so, * * *.”
The power rests in the lower court to determine from all the evidence adduced before him which of the parents engaged in this vitriolic litigation should have the custody of these young children. This court does not have the right to set aside the trial judge’s determination when there is sufficient evidence before the court from which he can make the findings which he did.
In the case of Grant v. Corbitt, Fla. 1957, 95 So.2d 25, p. 28, our Supreme Court said:
“ * * * But this court cannot, in any type of case, overturn the decision of a Chancellor made in the exercise of his judicial discretion in the absence of a clear showing of an abuse thereof; and, in a child custody case, the opportunity of the Chancellor to observe the demeanor and personalties of the parties and their witnesses and to *237 feel forces, powers and influences that cannot be discerned by merely reading the record, assumes a new importance because of the many intangibles that must be evaluated in deciding the delicate question of child custody.”
We have carefully reviewed the testimony and briefs of the parties and conclude that it would serve no useful purpose to set forth any of the testimony in this opinion.
We conclude that the able trial judge committed no reversible error in this difficult case.
Affirmed.
ALLEN, Acting C. J., and SHANNON and WHITE, JJ., concur.