PIERCE, Judge.
This is an appeal by George C. Anderson from a final decree and a post-decretal order entered in a divorce decree in the Court below.
Anderson filed suit in the Polk County Circuit Court against his then wife, Patsy R. Anderson, asking for a divorce and custody of their two minor children, alleging as grounds therefor adultery and mental cruelty. Defendant wife counterclaimed on the ground of mental cruelty, asking the same relief plus alimony, support money for the children, and attorney’s fees.
Testimony was taken before the Chancellor personally upon the issues so made up, resulting in a final decree being entered finding “that the equities of this cause are with the Defendant, Patsy R. Anderson, and are against the Plaintiff, George C. Anderson, and that the Defendant has proven the allegations of her Cross-Complaint by competent evidence”. The decree thereupon awarded her a divorce, and custody of their two minor children, aged 4 years and 2 years respectively, an amount for child support, and also “the sum of $1.00 per year as alimony”. The decree was entered on June 1st, 1966; and on August 23, 1966, upon stipulation of the parties, the Court entered order eliminating the payment of alimony as directed by the decree. Plaintiff appeals here and assigns as error entry of the decree and the findings contained therein. We affirm.
This was strictly a fact case, and the able Chancellor resolved all conflicts in the evidence and made findings and conclusions which find their source in ample competent, substantial evidence. The former husband contends that the evidence proved his wife was guilty of adultery. This is just another way of saying that he does not approve the Chancellor’s findings, which hardly makes them legally wrong. As a matter of fact, the final decree could have proceeded from no other conclusion except that the Chancellor did not believe she was guilty of adultery.
He found the equities to be in her favor and against her husband. He found she had proven the allegations of her cross-complaint. He awarded her alimony, albeit in a nominal sum, which is non-allowable to an adulterous wife. And as to custody of the children, she could have been awarded such custody even if the Court had found her guilty of adultery, provided the record sufficiently convinced the Chancellor that she was a good mother. We have just had occasion, in McAnespie v. McAnespie, Fla.App.1967, 200 So.2d 606, after an extensive review of the authorities, to make this very holding. But it is unnecessary to invoke McAnespie here because the Chancellor did not make such finding — rather to the contrary. The final decree and post-decretal order appealed from are affirmed.
ALLEN, Acting C. J., and HOBSON, J., concur.