254 So.2d 860 (1971)
Venus Eloise GREEN, Appellant,
v.
Ronald Newsome GREEN, Appellee.
No. O-163.
District Court of Appeal of Florida, First District.
November 30, 1971.
G. Don Ritter, Ocala, for appellant.
Airth, Sellers, Lewis & Kennon, Live Oak, for appellee.
JOHNSON, Judge.
This appeal is taken from an order of the Circuit Court of Suwannee County which awarded the appellee-husband a divorce and custody of the minor child.
The primary question we must now consider is whether the trial judge had sufficient evidence before him to support the decree awarding custody of the nine-year old female child to the father, bearing in mind that the best welfare of the child is the prime consideration. Smith v. Bollinger, 137 So.2d 881 (Fla.App.2nd, 1962); Bennett v. Bennett, 146 So.2d 588 (Fla.App. 2nd, 1962). It must also be borne in mind *861 that the decision of the trial judge carries with it the presumption of correctness on appellate review where, as here, the evidence and the witnesses were before him. The appellant has the burden of demonstrating to this Court that the order appealed is clearly erroneous. If there is substantial evidence in the record to support the order appealed, this Court must uphold said order even though we may have decided differently had we been in the position of the trial judge. Brenner v. Smullian, 84 So.2d 44 (Fla. 1956).
With these fundamental principles of law before us, we have concluded that appellant has failed to demonstrate that the order appealed herein is clearly erroneous. The evidence in the record before us, when coupled with the principle of law that the primary consideration is the welfare of the minor child, is sufficient to support the findings and conclusions reached by the court below.
There was evidence before the trial court that while the appellant did not mistreat or physically abuse the minor child and, in fact, maintained and dressed her in a clean and neat manner, the appellant's conduct in other matters indicated emotional instability and behavioral patterns which would render her less fit as the primary custodian of the child. Such conduct included excessive spending for clothing and jewelry, her relationships with other men which appeared to be a matter of common knowledge in the community and her suicide episodes. There were no aspersions cast on the father's character or qualifications as the primary custodian of the child.
With such evidence before him, we cannot say that the trial court's order awarding primary custody of the minor child to the appellee-father was clearly erroneous. Indeed, the evidence is sufficient to support the finding and holding that the best interest of the child would be better served by placing her with the appellee.
Appellant further challenges the trial court's order of contempt for failure to timely surrender the child to the appellee. This issue now being moot, we do not deem it necessary to discuss the same herein.
The appellant's motion for attorney fees and cost on appeal is denied.
The order appealed herein is affirmed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.