312 So.2d 804 (1975)
Terry O. McKENNON, Appellant,
v.
Mary Catherine McKENNON, Appellee.
No. U-481.
District Court of Appeal of Florida, First District.
May 23, 1975.
*805 Donald F. Leggett, of Black & Leggett, and Claude A. Stonemetz, Jacksonville, for appellant.
Elliot, Zisser, of Zisser and Zisser, Jacksonville, for appellee.
PER CURIAM.
This appeal emanates from a child custody proceeding following a dissolution of marriage.
On May 15, 1973, a final judgment of dissolution of marriage was entered by which the wife, appellee here, was awarded custody of the minor child of the parties, subject to visitation with the father, appellant here; the father to pay monthly support payments. That final judgment contained the following additional provision:
"The Wife will present herself to this Court, within six (6) months from the date of this Order, and upon reasonable notice to the Husband, in order for the Court to review the determination of custody in this cause, and to determine whether the Wife is caring for the minor child of the parties in a fit and proper manner and is setting the proper example for the child to follow in her own daily life."
Our examination of the record reveals that there was good cause for the able and experienced trial judge to so order.
Pursuant to the above quoted provision of the final judgment a hearing was held before the same trial judge on November 20, 1973. At the conclusion of that hearing appellant requested a continuance and an opportunity to adduce further testimony at a subsequent hearing, the primary purpose being that he could demonstrate that appellee had perjured herself. The motion was granted and another lengthy hearing was held on December 4, 1973. The transcript reveals the following statements at the conclusion of that hearing:
"THE COURT: "How much costs have you got in these depositions, Mr. Stonemetz? I am going to punish this young lady for her false statements under oath by assessing costs against her.
"MR. STONEMETZ: I got $1,492.91 costs.
"MR. ZISSER: Depositions?
"THE COURT: You have got seven or eight depositions here.
"MR. STONEMETZ: I have got travel money.
"THE COURT: Now, I  I am going to assess the costs against her. I ought to have her arrested.
"MR. ZISSER: Yes, sir.
"THE COURT: I don't have to have her arrested, I should cite her for contempt for lying under oath and send her to County Jail. I just feel that she is very, very fortunate, I know a lot of Judges up here that would put her in jail before 5:00 o'clock for lying under oath.
"The cost of these proceedings which the Court assesses at  what is your figure?
"MR. STONEMETZ: $1,492.91.
"THE COURT: Are assessed against the wife.
* * * * * *
"MR. STONEMETZ: I would also like attorney's fees, too; I have been in a trial that lasted seven hours the first time, three hours the second time, three-and-a-half hours today  well, almost four hours today.
"THE COURT: Have you been awarded any 

*806 "MR. STONEMETZ: No sir, I have not. I expect I have spent approximately 35, 40 hours in the preparation of this case.
"THE COURT: What is your income, Mr. McKennon?
"THE HUSBAND: $85 a week.
"THE COURT: Take-home?
"THE HUSBAND: Take-home.
"THE COURT: Hers is something like $58. I don't know how she is going to pay those costs, but I think that her perjury has placed me in the position to be required to assess the costs. I think that a reasonable fee in a case of this nature would be $1500, but I don't see any way in the world she can pay it.
"A portion of the attorney's fees earned by counsel for the husband shall be paid by the wife directly to him in the sum of $750. The attorney's fees shall be paid by the wife directly to Claude A. Stonemetz."
The trial judge thereupon entered a carefully drawn order reciting that appellee had admitted "that she lied under oath at the hearing on November 20, 1973 in two respects": However, she was not cited for contempt. The order further provided that custody of the minor child should remain with the appellee (the child's mother) subject to liberal visitation with the appellant. Costs were taxed against appellee and she was ordered to pay one-half of the appellant's attorney's fees incident to the post-judgment hearings.
Appellant now urges that the trial judge erred in awarding custody to appellee and appellee cross-appeals urging that the trial judge erred in taxing costs against her and requiring her to pay one-half of appellant's post-judgment attorney's fees.
In child custody proceedings the best interests of the child is the pole star of the law. (Brust v. Brust, Fla.App. 1st 1972, 266 So.2d 400, cert. den. Sup.Ct.Fla. 1972, 271 So.2d 142; Dinkel v. Dinkel, Fla.App. 1st 1974, 305 So.2d 90; Green v. Green, Fla.App. 1st 1971, 254 So.2d 860) The broad discretion of the trial judge in such matters will not be disturbed on appeal in the absence of a showing of an abuse of that discretion. Although we do not condone the conduct of appellee, particularly her admitted perjury before the trial judge, we do not find, under the total evidence in this case, that the trial judge abused his discretion. In that regard we note that the trial judge recited in his well reasoned order that "the Court must be candid with the parties and state that he is more impressed with Mr. Billy H. Ruschmeyer than anyone else who has testified in these proceedings and this, despite the fact that Mr. Ruschmeyer is merely the stepgrandfather of the child in question. * * * in an effort to accomplish a result which fulfills the needs of this two year old infant, the court is still of the opinion that the child should spend the majority of its time with its mother as long as she resides in the home of her mother and stepfather, Mr. and Mrs. B.H. Ruschmeyer, * * *." (Emphasis added) It is apparent to us that the trial judge has "waved a red flag" and has left the door open for further review in the event appellee should cease to furnish a good and suitable home and environment for the infant child. In so doing he is to be commended and not reversed.
Turning now to the taxing of costs against the appellee-wife: It is apparent from the record but for the conduct of appellee the costs which were taxed against her by the trial judge would not have been incurred. The taxation of costs is discretionary and we do not find that the trial judge has abused his discretion in this regard. It is true that the trial judge stated that "I am going to punish this young lady for her false statements under oath by assessing costs against her". In so stating he erred. Punishment under such circumstances may be imposed only following an adjudication of contempt. However, *807 notwithstanding the erroneous motive, the taxation of the costs against the appellee was entirely appropriate. In Jones v. Dove, Fla.App. 1st 1974, 300 So.2d 758 we said:
"* * * Our reading of the record reveals that although it appears that the trial judge did indeed apply an erroneous rule of law, he nevertheless arrived at a correct conclusion and judgment. The law is so well settled as to require no citation of authority to the effect that a correct result or judgment, though based on an erroneous reason or rule, requires affirmance on appeal. In other words, it is the final conclusion or judgment which counts and not the reasons therefor." (300 So.2d at page 758)
We therefore affirm as to the taxation of costs.
As to the question of attorney's fees, the law is well settled that the needs and abilities to pay should be given consideration. In the case sub judice, the evidence is clear that the appellee was in no financial condition to pay her own attorney's fees as well as any portion of the fees for appellant's attorney. We therefore reverse that portion of the order here appealed requiring appellee to pay one-half of appellant's attorney's fees.
Appellee has moved for attorney's fees incident to this appeal pursuant to Rule 3.16, Florida Appellate Rules. That motion is denied.
Affirmed in part and reversed in part.
JOHNSON, Acting C.J., concurring in part and dissenting in part, BOYER, J., concurring in part and dissenting in part, and EASTMOORE, EUGENE L., Associate Judge, concurs.
BOYER, Judge (concurring in part and dissenting in part).
I am fully in accord with that portion of the foregoing opinion affirming the actions of the learned trial judge, and the reasoning thereof. However, I would also affirm as to attorney's fees. Florida Statute 61.16 provides as follows:
"The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."
Although the record reveals a disparity between the net income of the wife and the husband (the wife netted approximately $58 per week and the husband approximately $85 per week) that disparity is not such as to demonstrate that the trial judge abused his discretion by requiring the appellee to pay one-half of appellant's attorney's fees, all of which were incurred as a result of the conduct of the appellee.
A review of the record of this cause reveals that the trial judge was faced with a most difficult situation. His primary concern was, as it should have been, the best interests of the infant child of the parties. Although he is not Solomon he has done a good job of emulation.
I would affirm.
I would also require the appellee to pay one-half of appellant's costs and fees incident to this appeal.
JOHNSON, Acting Chief Judge (concurring in part and dissenting in part):
I agree with the conclusions of the majority opinion in affirming the Order appealed insofar as the custody and visitation rights are fixed. I do not agree with the conclusion that the trial court was correct in assessing all of the costs against the appellee. I am aware that the trial court admitted that he assessed the court costs against appellee as punishment for her *808 making false statements under oath instead of arresting her for contempt or for making false statements, but I question the trial court's authority to penalize under contempt one party at the benefit of the other party to a cause of action. If the court wanted to require a purge of the contempt, it should be to the benefit of the court or the state or county. Therefore, I think the assessing of all costs against appellee for the reason stated by the court as the reason therefor was error.