BOYER, Chief Judge
(dissents).
On January 19, 1971, a final judgment was entered by which the bonds of matrimony between the parties hereto were severed. The cusody of three minor children was awarded to their mother (plaintiff in the trial court and appellant here) and the father (defendant in the trial court and ap-pellee here) was required to pay child support (and other payments not here material) “all until the further order of this Court.” The final judgment specifically provided: “That the above payments shall constitute the sole financial obligation toward the plaintiff and said minor children, and the plaintiff shall pay all living expenses for herself and said minor children *541 from said amounts.” There was no provision in the final judgment regarding educational expenses incident to the children, nor was there a reservation of jurisdiction.
Chapter 73-21, Laws of Florida, removing the disability of non-age persons 18 years of age, became effective July 1, 1973.
On August 20, 1974, appellant’s attorney filed a “Motion for Contempt” in which he alleged only the requirement to pay child support under the provisions of the final judgment and that “The respondent has failed to comply with the provisions of the final judgment for dissolution of marriage and is currently in arrears on child support in the amount of $300.00.” A second motion, equally brief, was filed on September 12, 1974, in which appellant alleged “The respondent was required to pay for the books and educational expenses of the minor child now attending Pensacola Junior College. The respondent has refused to pay for the books and educational expenses.”
On October 10, 1974, the learned and able trial judge, being the same judge who had entered the final judgment of divorce, after hearing, entered an order discharging the rule to show cause issued pursuant to appellant’s motions, in which he recited that on March 29, 1974, the court had entered an order terminating alimony but requiring “the respondent to pay the reasonable costs of a college education for each of said children as such child obtained college admissible age and upon his or her expressed desire to attend college” and that the child therein mentioned (apparently the youngest of the three children of the parties) had attained 18 years of age in June of 1974. The order concluded with the recitation “that the rule to show cause is discharged, and the respondent relieved of all obligation to pay support for said child or to provide any college education for her effective as of the date of her reaching 18 years of age.”
Petition for Rehearing was denied and appeal was taken to this Court. By a per curiam opinion we affirmed and certiorari was sought in the Supreme Court of Florida. That Court remanded to this Court directing reconsideration by this Court in light of that Court’s decision in Finn v. Finn, Sup.Ct.Fla.1975, 312 So.2d 726.
In accordance with the Supreme Court’s mandate, we have reconsidered and I again conclude that the learned trial judge did not err.
As observed by the Supreme Court in Finn v. Finn, supra, Chapter 73-21, Laws of Florida, specifically provides that the act “shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years;” (emphasis added). However, there is no provision in the act requiring a court of competent jurisdiction to require such support. In the Finn case, as in White v. White (Fla.App. 1st 1974, 296 So.2d 619) cited and discussed in Finn, the trial judge had, in accordance with the proviso contained in Chapter 73-21, required support for the dependent person beyond the age of 18. As above recited-such are not the facts sub judice.
Further, the writer of the Finn opinion on two different occasions alludes to the ability of the father to pay. In both Finn and White, the ability to pay appears to have been conceded. Sub judice, on the other hand, the motions for contempt filed by appellant are silent as to the ability of the father to pay and there is no finding to that effect in the order of the able trial judge.
Neither is there any allegation nor finding that the sui juris offspring of the parties sub judice is satisfactorily and in good faith pursuing an education to become better equipped for life, as also twice mentioned in the Finn opinion.
As this Court said in White v. White, supra, and again in Dwyer v. Dwyer, Fla.App. 1st 1976, 327 So.2d 74:
“ ‘ * * * It is certainly desirable and laudable for parents to encourage their *542 offspring to get a college education, if he or she is college material. However, there are many parents who enjoy complete domestic tranquility but who do not, either from personal choice or inability or otherwise, give their children a college education. The fact that domestic whirlwinds cause a severance of the marriage does not enhance the rights of the children nor alter the obligations of the parents. Certainly if the parents were still married and enjoying domestic harmony a suit would not lie by the child or either parent to require parental support for a college education. Neither may such be accomplished in dissolution of marriage forum.’ (296 So.2d at pages 623 and 624)”
In summary, the learned trial judge initially, in his final judgment, required payment only “until the further order of this Court.” By the further order of the Court those payments were terminated. Appellant neither alleged nor proved (so far as an examination of the entire record-on-appeal reveals) the requisites set forth in the Finn case. Further, Finn is authority for the proposition that a trial court will not be reversed for requiring support for a dependent person beyond the age of 18 years if that person meets the criteria announced in that case. The principles applicable to reversal of a trial court are quite different from those applicable to affirmance. (See Dinkel v. Dinkel, Sup.Ct.Fla.1975, 322 So.2d 22)
Lest it be asserted that I have overlooked the reasoning of the learned trial judge contained in the order here appealed, wherein he recited that “the court being of the opinion that because of the fact that the final judgment herein did not provide that support payments should be required of respondent for either of said children beyond the age of 18 years, the said Lynn Crumpton now having reached the age of 18 and is an adult under the provisons of Chapter 73-21, Laws of Florida, and for that reason and because of the failure of the final judgment to require support for her by the respondent beyond the age of 18, the respondent is not obligated to pay such support, * * * ” I harken back to the time honored principle of appellate review that a trial court will not be reversed for arriving at a correct conclusion based upon an erroneous principle of law. (Jones v. Dove, Fla.App. 1st 1974, 300 So.2d 758)
I would affirm.