SMITH, Judge.
The record on the difficult money issues in this marriage dissolution case reveals no error affecting the substantial rights of appellant. He contends he gained child custody rights and that his child support obligations were modified by Ms. Sheridan’s emotional outburst in court that the payments ordered were inadequate and that appellant could take the girls with him. The trial court declined to give such severe effect to Ms. Sheridan’s indiscretion and, on a record which describes the incident quite unsatisfactorily,[1] so do we.
There is no competent evidence which induces us to overrule the trial judge’s assessment of the equities involved. It is unfortunate that he described as “punishment” his order that appellant pay the arrearages of child support appellant withheld for three months while refusing to return two of the girls to their mother, but that improper characterization of the award does not destroy its legitimacy on the alternative ground stated by the trial court. McKennon v. McKennon, 312 So.2d 804, 807 (Fla.App. 1st, 1975). Appellant had previously been ordered to make monthly child support payments, as the trial court noted, and he had agreed to pay the amounts he subsequently withheld. An attorney’s fee was properly awarded Ms. Sheridan for her lawyers’ service in the proceedings.
AFFIRMED.
HODGES, JOHN, Associate Judge, concurs.
BOYER, C. J., dissents.

. As by appellant’s hearsay testimony: “[T]heir mother said if they remained in the house she’d put them on the next plane to Washington. She insisted that I take them. That’s what I was advised by one of the girls” (emphasis added).