BOYER, Chief Judge
(dissenting).
I respectfully dissent. During a hearing on a petition for modification filed by ap-pellee she became angry at the trial judge because he verbally indicated that he would increase child support payments from $150 per child to only $200 per child. Appellee thereupon in the presence of the court, verbally delivered custody of the children to appellant and told him to take the children with him and that if he did not do so she would put them on the next plane to his place of residence. Being unhappy with the judge’s verbal ruling, appellee discharged her attorney and retained another. The trial judge recused himself and a second trial judge took over the case. At a subsequent hearing the second trial judge increased the child support payments to only $210 per month. He also ordered the appellant to pay to appellee $1,197.00 “as *174 punishment for his failure to return the children to the wife prior to January 1, 1975, as requested by the wife” although two of the children were with appellant, pursuant to directions of appellee, during said period. The trial judge also ordered appellant to pay an attorney’s fee to both of appellee’s attorneys.
The record reflects no basis for inflicting punishment. However, if it did, the learned trial judge was without authority to require payment of child support as “punishment”. (McKennon v. McKennon, Fla.App. 1st 1975, 312 So.2d 804)
Further, the record clearly reveals that retention of the second attorney was unnecessary. The difference in the award obtained ($200 versus $210) is little more than a moral victory. A spiteful wife should not be permitted to punish her prior husband by unnecessarily employing successive attorneys. An award of attorney’s fees should be made only for services that are shown to have been reasonably necessary. (F.S. 61.16 and Donner v. Donner, Fla.App. 3rd 1973, 281 So.2d 399)
I would reverse.