384 So.2d 208 (1980)
Margo Lynn SOLLY, Appellant,
v.
Robert Stephen SOLLY, Appellee.
No. 79-1608.
District Court of Appeal of Florida, Third District.
May 20, 1980.
Rehearing Denied June 16, 1980.
Lawrence C. Rice, South Miami, for appellant.
Bernard Braverman, Miami, for appellee.
Before HAVERFIELD, C.J., and SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
The issue before us is whether the trial court applied the correct standard in determining the mother's fitness on the issue of awarding child custody. We find that it did not and reverse.
The parties appeared with counsel at a final hearing in a contested dissolution with an unexecuted property settlement agreement in which it was proposed that custody of the minor children: a boy, seven, and a girl, two, be awarded to the mother. The mother had refused to execute the property settlement agreement because she considered the support features inadequate. The parties did not make child custody an evidentiary issue. The father's angry epithet regarding the mother's adulterous conduct prompted interrogation by the trial court into the mother's alleged misconduct. Upon questions asked by the trial judge, the wife admitted that she had committed adultery some six years earlier, following which she resumed cohabitation with the father. *209 The mother admitted to one more recent act of adultery. The trial court then determined that such conduct rendered the mother unfit as a custodial parent. It was apparent, however, from evidence that neither act had been committed in the presence of the children. There was no testimony that her misconduct had affected the children in any manner.
Prior to the adoption of no fault dissolution of marriage,[1] it was the established rule that misconduct of the wife, while grounds for divorce, was not necessarily the criterion to be followed in determining her fitness as a mother to have custody of her children. McAnespie v. McAnespie, 200 So.2d 606 (Fla.2d DCA 1967).
In Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975), our Supreme Court readdressed this issue following the adoption of no fault dissolution of marriage, stating that:
Adultery may or may not have a direct bearing on the welfare of a child of tender years. Engaging in sexual intercourse with someone other than one's spouse in the same household where the subject child is present does not necessarily affect the child's welfare. Whether the adultery has a direct bearing on the welfare of the child is a question for the trier of fact. Where the trier of fact determines that the spouse's adultery does not have any bearing on the welfare of the child, the act of adultery should not be taken into consideration in reaching the question of custody of the child.
Where the trier of fact reaches the conclusion that the adulterous conduct adversely affects the child, the scales are tipped against the award of custody to the adulterous spouse. Even if the trier of fact determines that the spouse's adultery has an adverse effect on the child, other factors, i.e., cruelty neglect, parental unfitness, exhibited by the other spouse, may be present to tip the scales back in favor of the award of custody to the adulterous spouse. In the latter event, it may be that the best interest of the child would be served by awarding custody to a third party.
While Fla. Stat. § 61.13(2), F.S.A., provides for equal consideration of the spouses in the award of custody, it is still the law in this State that, other essential factors being equal, the mother of the infant of tender years should receive prime consideration for custody.
322 So.2d at 23-24.
Since there was no evidence that the mother's misconduct had any bearing on the welfare of the minor children, the occasional acts of adultery standing alone should not have been considered by the trial court. Dinkel v. Dinkel, supra.
The evidence presented indicated that the father had abused the boy on one occasion. The trial court ordered the Division of Family Services to investigate the fitness of the parents with the express view that permanent custody of the children would be awarded after a further evidentiary hearing. Nonetheless, in the final judgment of dissolution, the court awarded permanent custody of the minors to the father.
The trial court, having failed to apply the correct standard for determining the mother's fitness for child custody and having evinced its intent to conduct a further evidentiary hearing on that matter, requires this court to reverse that portion of the final judgment which awarded custody of the minors to the father and to remand the cause for a full evidentiary hearing on the question of permanent custody of the children.[2]
Reversal of the custody award necessarily requires reversal of that portion of the judgment requiring the mother to pay child support to the father. That portion of the final judgment of dissolution pertaining to the custody of the children and child support is reversed and remanded for further proceedings.
NOTES
[1] Ch. 61, Fla. Stat. (1979).
[2] The effect of reversal will be to reinstate the temporary order entered February 14, 1979 awarding temporary custody of the minors to the mother.