RYDER, Judge.
Chester Peter Anderson appeals the final judgment of dissolution awarding Jennifer Lynn Anderson custody of two minor children, alleging the court abused its discretion in determining custody. We agree, reverse and direct the trial court to enter an order awarding permanent custody of the children to appellant.
In July of 1978, appellant, who had custody of the minor children after the wife’s departure from the marital home, petitioned for dissolution requesting temporary and permanent child custody. In September, appellee merely denied grounds for dissolution. A month later, however, she filed a motion requesting temporary custody which was denied by the trial judge. After hearing, to assist it on the question of permanent custody, the court ordered an investigation and report of the parties by the office of the court counselor.
Appellant subsequently filed a stipulation agreement executed by both parties on April 29, 1979 wherein the parties agreed that permanent custody of the children would be with appellant husband. A general master adopted the stipulation without controversy after hearing on the dissolution.
The court counselor assigned by the judge made several lengthy and most detailed reports regarding the living arrangements and stability of each party. In each report, the counselor recommended that custody remain with appellant, noted the relative instability of the appellee’s current situation, questioned the wife’s maturity and found that the children received excellent care with appellant. The counselor also noted the adultery of appellant without finding it significant. The reports were stipulated into evidence pursuant to Section 61.20, Florida Statutes (1977).
After hearing testimony of the parties, wherein evidence was adduced that appellant had by then remarried, the court awarded permanent custody to appellee, finding the children’s best interests were served thereby because the father had carried on an adulterous affair after the parties’ separation.
We are aware that absent abuse of discretion, the decision of a trial judge in a child custody case will not be disturbed. Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975). The welfare of the child is of prime consideration, but adultery is not of itself determinative of the custody issue. Id. In Dinkel, the court noted that the scales may tip against the adulterer if the adultery has a negative effect on the child. Below, we are unable to find any evidence to substantiate the court’s finding that appellant’s adultery had any adverse effect on the children of ages twenty months and three months. We hold that in view of the overwhelming evidence supporting custody by appellant, and in view of the recommendations of the general master and court counselor, the trial judge abused his discretion in awarding custody to the mother. See Solly v. Solly, 384 So.2d 208 (Fla. 3d DCA 1980); Farrow v. Farrow, 263 So.2d 588 (Fla. 2d DCA 1972).
REVERSED and REMANDED with instructions to the trial court to enter an order awarding custody of the children to appellant.
HOBSON, Acting C. J., and GRIMES, J., concur.