PER CURIAM.
This is an appeal from a final judgment of dissolution entered October 4, 1979, awarding custody of the parties’ two minor children, Robin, born October 23, 1971, and Bernard, born August 26, 1974, to their mother. We affirm.
Temporary custody had been awarded to the father on December 11, 1978. At final hearing the trial judge concluded that both *1352 parties were loving and caring parents. He was concerned, however, with the ability of the wife, residing in Vermont, and the husband, residing in Florida, to supervise and care for the children.
The husband testified that while he had custody of the children he woke them at 5:45 a. m. He drove the children to school and on their return from school a neighbor supervised them until the husband returned at 5:00 or 5:15 p. m. from the job he had at the time of final hearing.
The wife testified that she worked at home, making chimes. Her presence in the home and availability to supervise the children personally were apparently very important factors in the trial court's decision.
As the supreme court said in Dinkel v. Dinkel, 322 So.2d 22, 24 (Fla.1975):
It is the function of the trial judge in a child custody proceeding to determine what is in the best interests of the child. An appellate court should not reverse the trial judge’s findings absent a showing of abuse of discretion.
* * * * * *
Were this Court to sit as a trier of fact and hear all the evidence, we might have reached a conclusion different from that of the trial judge. However, neither this Court nor the District Court can substitute its judgment for that of the trier of fact, absent a finding of an abuse of discretion, which requires a lack of competent substantial evidence to sustain the findings of the trial judge.
The record contains ample support for the trial court’s decision. Accordingly, we affirm.
AFFIRMED.
BERANEK, HERSEY and GLICK-STEIN, JJ., concur.