PER CURIAM.
The wife in this dissolution of marriage cause appeals from the trial court’s decision to place primary residential care and custody of the parties’ daughter with the husband. We affirm, but find the unusual procedural posture of this case requires a brief discussion.
Upon receipt of the husband’s answer brief (erroneously designated “Reply Brief”), the wife discovered references to matters occurring subsequent to entry of the final judgment in this cause. The wife then filed a motion to strike the objectionable portions of the husband’s brief and a motion for extension of time to file a reply brief. This court responded with an order directing the husband to show cause why the wife’s motion to strike should not be granted, and further stating that time for service of the reply brief would be tolled pending disposition of the motion to strike.
Shortly thereafter, through implementation of this court’s policy of expediting all child cases, we inadvertently decided the merits of the appeal before ruling on appellant’s motion to strike. In so doing, we deprived the wife of her opportunity to file a reply brief. When the wife brought this matter to our attention, we withdrew our per curiam opinion filed April 7, 1987, granted the wife’s. motion to strike, and granted the wife an extension of time to file a reply brief.
The wife’s reply brief has been received, and has been considered carefully by the panel. The authorities cited by the wife are relevant to the issues. Nevertheless, we find there is competent substantial evidence to support the trial court’s decision that the best interests of the child would be better served with the father as primary residential parent. See Dinkel v. Dinkel, 322 So.2d 22, 24 (Fla.1975); Rogers v. Rogers, 490 So.2d 1017, 1018 (Fla. 1st DCA 1986); Miller v. Miller, 342 So.2d 85 (Fla. 1st DCA), cert. denied, 354 So.2d 983 (Fla. 1977).
Accordingly, the trial court’s custody determination is affirmed.
JOANOS, THOMPSON and ZEHMER, JJ., concur.