556 So.2d 436 (1990)
Jeffrey T. VENA, Appellant/Cross-Appellee,
v.
Karen L. VENA, Appellee/Cross-Appellant.
No. 89-235.
District Court of Appeal of Florida, Fifth District.
January 4, 1990.
Rehearing Denied February 13, 1990.
Francis E. Pierce, Orlando, for appellant/cross-appellee.
Ronald L. Sims, Orlando, for appellee/cross-appellant.
GOSHORN, Judge.
Jeffrey Vena appeals the final judgment dissolving the parties' eight year marriage. He argues the trial court erred by awarding Karen Vena, the former wife, both rehabilitative alimony and guaranteed interest of her $33,000 present equity in the *437 marital home upon its eventual sale.[1] By cross-appeal, Karen argues the court erred in designating Jeffrey as the primary residential parent to the parties' two minor children.
Karen was 39 years old and Jeffrey was 34 years old when the dissolution proceedings began. Karen, a legal secretary, worked occasionally during the marriage and has worked since the divorce earning $19,500 per year. Jeffrey, a computer technician, earns between $51,000 and $55,000 per year. Jeffrey was awarded custody of the two children, now 7 1/2 and 6 1/2 years of age. Exclusive possession of the marital home, valued at $140,000 and having two mortgages, was awarded Jeffrey until the younger child attains his majority or becomes otherwise emancipated. The house was purchased as a "handyman's special" and has been substantially restructured by Jeffrey since its purchase. Upon the eventual sale of the marital home, Jeffrey is to be credited with one-half of all mortgage payments he has made. The balance of the net proceeds are to be split between the parties with the provision that Karen receive no less than $33,000. Karen was awarded $500 per month for three years as rehabilitative alimony and Jeffrey was ordered to contribute $16,000 towards her attorney's fees.
The principal purpose of rehabilitative alimony is to establish the receiving spouse's capacity for self-support, either through the redevelopment of previous skills or provision for the training necessary to develop potential supporting skills. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). The record is devoid of any evidence that Karen's earning ability suffered during the marriage, nor is there evidence that Karen planned to obtain additional education or training. Karen left the marriage self-supporting and thus the trial court's award of rehabilitative alimony was erroneous. We reject Karen's argument that the award is sustainable as a "bridge the gap" award to assist her in easing the transition from married to single status. Even assuming rehabilitative alimony may properly be awarded to smooth this transition, see Iribar v. Iribar, 510 So.2d 1023 (Fla. 3d DCA 1987), a point we do not address, the record does not reflect a need for such assistance in this case.
Jeffrey also contends the court erred in ordering that Karen receive $33,000 from the sale of the marital home, as that provision makes him a guarantor of that amount to the extent of his own equity in the house and his right to credit for one-half the mortgage payments. Karen argues that the authority for guaranteeing her equity is found in Pastore v. Pastore, 497 So.2d 635 (Fla. 1986) wherein the trial court explicitly held the husband was not to receive a credit upon the sale of the home for one-half the mortgage, insurance and taxes he was required to pay. The supreme court held the husband's "exclusive bearing of the financial burden of the home ... may be seen as a form of rehabilitative alimony." Id. at 637. Sub judice there is no need for rehabilitative alimony and thus the provision, which has the possible effect of denying Jeffrey his right to credit for one-half the mortgage payments, or preventing him from receiving his share of the equity in the house, must be stricken.
Karen challenges the provision in the final judgment placing primary physical residence of the children with Jeffrey. She argues the court ignored the greater weight of the evidence in awarding the husband custody of the children. An order determining custody will not be reversed unless an abuse of the trial court's discretion is shown. Whitney v. Whitney, 402 So.2d 1351 (Fla. 4th DCA 1981). Abuse of discretion is shown where the record reveals a lack of competent, substantial evidence to sustain the trial court's findings. Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). In this instance, the trial court stated that it would award custody to the parent more likely to comply with the concept of shared parental responsibility after finding that the parties were equally fit candidates for primary custodial parent. This was a valid consideration for the trial court. See *438 § 61.13(3)(a), Fla. Stat. (1987) ("For purposes of shared parental responsibility and primary residence, the best interests of the child shall include an evaluation of all factors affecting the welfare and interest of the child, including, but not limited to: (a) The parent who is more likely to allow the child frequent and continuing contact with the nonresidential parent."). All other factors outlined in section 61.13(3) being equal, the trial court did not err in seeking to award the children to the parent more likely to encourage and foster continuing contact with the noncustodial parent. The record sub judice reveals substantial competent evidence supporting the trial court's award of the children to the husband, and accordingly, no abuse of discretion has been demonstrated.
AFFIRMED in part; REVERSED in part.
DANIEL, C.J., and HARRIS, J., concur.
NOTES
[1] The remaining issues raised by Jeffrey do not warrant discussion.