697 So.2d 1292 (1997)
Julie M. PACKARD, Appellant,
v.
Brian S. PACKARD, Appellee.
No. 96-2153.
District Court of Appeal of Florida, First District.
August 19, 1997.
*1293 Jason Scott Coupal, Hollywood, for Appellant.
Ted A. Stokes, Milton, for Appellee.
Beatrice Dohrn of Lambda Legal Defense and Education Fund, New York City, for Amici Curiae Lambda Legal Defense and Education Fund and The Gay and Lesbian Lawyers Association of Florida in support of Appellant.
PER CURIAM.
Julie M. Packard appeals a final judgment of dissolution in which the trial court granted primary residential custody of the parties' two daughters to her former husband, appellee, Brian S. Packard. We reverse and remand for further proceedings.
In the final judgment, the trial court ruled:
[t]hat the best interests of the minor children will be served with granting shared parental responsibility to the parties, with primary physical residency ... to Petitioner/Husband, as the Petitioner/Husband will provide a more traditional family environment for the children.
Appellant is a lesbian who had been living with a woman with whom the parties had been involved in a menage a trois during their marriage. At the time of the final hearing, appellee was living with his girlfriend, her children and the parties' daughters. Appellant contends that, because the appellee's living arrangements may also be viewed as "untraditional," by basing its custody decision solely on the finding that a more "traditional family environment" would be provided by appellee, the trial court was in reality basing its decision solely on the appellant's sexual orientation. As a result, appellant argues, because the record contains no evidence that her sexual orientation had harmed or posed any risk of harm to the parties' children, under Maradie v. Maradie, 680 So.2d 538 (Fla. 1st DCA 1996), the trial court abused its discretion in awarding custody on the sole ground that she is a lesbian.
We find that our ability to address the parties arguments and to undertake meaningful appellate review here is frustrated by the trial court's sole reliance on an unexplained factor. The trial court does not explain what is meant by its reliance on "traditional family environment." We elect not to guess about the trial court's intended definition of a "traditional family environment" in the context of the circumstances shown by this record and the factors mandated by section 61.13(3), Florida Statutes (1995). Because we cannot review the trial court's ruling without resorting to speculation, and to allow for meaningful appellate review, we reverse and remand for clarification. West American Ins. Co. v. Chateau La Mer II Homeowners Ass'n, Inc., 622 So.2d 1105, 1109 (Fla. 1st DCA 1993).
Further, we note that the order on appeal was entered prior to our opinion in Maradie. In Maradie, we explained that the trial court may consider a parent's sexual conduct in determining the parent's moral fitness under section 61.13(3)(f), but that in such consideration "the trial court should focus on whether the parent's behavior has a direct impact on the welfare of the child." Maradie, 680 So.2d at 542, citing Dinkel v. Dinkel, 322 So.2d 22 (Fla.1975). Thus, the trial court's primary consideration should be on what conduct is involved and whether the conduct has had or is reasonably likely to have an adverse impact on the child. "[A] connection between the actions of the parent and harm to the child requires an evidentiary basis and cannot be assumed." Maradie, 680 So.2d at 543. On remand, these principles may provide guidance for the trial court's consideration of these parties' moral fitness under section 61.13(3)(f). On remand the trial court may take additional evidence, in its discretion.
*1294 REVERSED and REMANDED for proceedings consistent with this opinion.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.