734 So.2d 551 (1999)
Robert C. BRIDGES, Jr., Petitioner,
v.
Janice H. BRIDGES, Respondent.
No. 99-1539.
District Court of Appeal of Florida, Fourth District.
June 2, 1999.
*552 Michael Dubiner of Dubiner & Wilensky, P.A., West Palm Beach, for petitioner.
No response required for respondent.
PER CURIAM.
Petitioner seeks certiorari review of an order in a dissolution of marriage action. The order denied petitioner's motion to exclude the testimony of a psychologist who had met with the parties' minor child, without notice being given to petitioner. Another evaluator has been appointed by the court at petitioner's request. Florida Family Rule of Procedure 12.363(c) provides that a mental health expert who has not been appointed by the court under subsection (a) of the rule may testify only if the trial court "determines that good cause exists to permit the testimony." The "fact that no notice" of such expert's treatment or testing of a child was given to one of the parents "shall be considered by the court as a basis for preventing such testimony." A decision under subsection (c) of the rule is within the broad discretion of the trial court.
In this type of case, certiorari review of a non-final order is available only if the order is a departure from the essential requirements of law, causing material injury throughout the remainder of the proceedings, and effectively leaving no adequate remedy on appeal. See Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). Even assuming that this court would find error in the trial court's discretionary ruling on the motion in limine, this is not the type of issue for which certiorari lies. See Leibman v. Sportatorium, Inc., 374 So.2d 1124 (Fla. 4th DCA 1979); Stoever v. Vedder Homes, Inc., 697 So.2d 1247 (Fla. 5th DCA 1997); Riano v. Heritage Corp. of South Florida, 665 So.2d 1142 (Fla. 3d DCA 1996) (holding that writ of certiorari is reserved for those situations where "`there has been a violation of a clearly established principle of law resulting in a miscarriage of justice'") (quoting Combs v. State, 436 So.2d 93, 96 (Fla. 1983)).
The petition for writ of certiorari is dismissed.
POLEN, GROSS and TAYLOR, JJ., concur.