873 So.2d 1261 (2004)
Melanie B. COLLINS, Appellant,
v.
Charles Wayne COLLINS, Jr., Appellee.
No. 1D03-4323.
District Court of Appeal of Florida, First District.
May 28, 2004.
*1262 David M. Robertson of Brannon, Brown, Haley, Robinson & Bullock, P.A., Lake City, for Appellant.
Ernest A. Sellers, Jr., Gainesville, for Appellee.
PER CURIAM.
This is an appeal by Melanie B. Collins (mother) from a final judgment of dissolution in which the trial court determined that the primary residential custody (PRC) of the parties' five-year-old child should be with appellee, Charles Wayne Collins, Jr. (father). Because we agree with the mother that the lower court abused its discretion (1) by allowing an expert witness to offer an opinion on which of the two parents should serve as the child's residential custodian, contrary to the dictates of Florida Family Law Rule of Procedure 12.363, and (2) by not addressing in the judgment a factor listed in section 61.13(3), Florida Statutes (2002), pertaining to domestic violence or child abuse, which issues, if properly taken into consideration, could affect the court's decision, we reverse and remand the case with directions for the court to revisit the custody determination by entering specific findings pertaining to the above issues. We affirm the remaining points.
Initially, we reject appellant's contention the court erred in ignoring this court's ruling in Maradie v. Maradie, 680 So.2d 538 (Fla. 1st DCA 1996), holding that in deciding which parent is more morally fit to be the primary custodian, it is improper for a court to base a decision of prospective harm to the child over whom custody is sought by reason of acts of abuse in the past directed toward another child. Maradie requires that a connection between past and potential future harm *1263 must be supported by an evidentiary foundation, not assumed. Appellant asserts that the court's resolution of the moral fitness factor hinged solely on an assumption of future injury to the child resulting from what the court perceived was the mother's inappropriate conducttaking showers with an older child whom the mother had brought to the parties' union from an earlier marriage.
On the contrary, the final judgment recited that the lower court had considered Maradie, but apparently found it inapplicable, in that the court did not explicitly rule the mother was morally unfit to remain the child's residential custodian, but simply referred to such conduct as raising questions concerning the mother's judgment and veracity. We fail to see how the court abused its discretion in such regard. Section 61.13(3) specifically states that the factors outlined therein are not exclusive; indeed, subsection (m) permits the court to consider "[a]ny other fact" deemed relevant by it. In assessing the PRC issue of the younger child, the court obviously called into question the mother's judgment in continuing to shower with the older son at a time the court apparently deemed was age-inappropriate. Under the circumstances, we cannot conclude the court's decision in such regard constituted an abuse of discretion.[1]
We do agree that the court abused its discretion in permitting a licensed mental health professional, who had not treated, evaluated, or examined the child, to testify regarding matters outside the file prepared by the court-appointed mental health expert, and to offer an opinion concerning which of the two parents should be awarded PRC. After the trial court had appointed, with the parties' consent, Dr. Mary Horn, Ph.D., to evaluate the father, the mother, and the parties' minor son, and then render an opinion concerning PRC and visitation, as permitted by Florida Family Law Rule of Procedure 12.363(a)(1), Dr. Horn issued her report, recommending that PRC of the child remain with the mother. The father responded by moving to have the mother evaluated by his expert, Ms. Betty Strayer, which the court denied, conditioned upon the right of the father to offer the testimony of Ms. Strayer, pursuant to rule 12.363(b)(2), which allows a professional to review an appointed expert's complete file and testify thereon. Notwithstanding the above limitations, the court, over objection, allowed Ms. Strayer to testify about matters besides those in Dr. Horn's file, including her review of depositions taken by the parties, as well as collateral contacts Ms. Strayer made with persons Dr. Horn had not interviewed, particularly the father's sister and the child's paternal grandfather, and to offer an opinion on the critical issue of custody.
An abuse of discretion standard applies to a trial court's decision concerning the qualifications of expert witnesses and the scope of their testimony. See Ramirez v. State, 542 So.2d 352, 355 (Fla.1989); County of Volusia v. Kemp, 764 So.2d 770, 773 (Fla. 5th DCA 2000). We are of the firm opinion that the court abused its discretion in permitting Ms. Strayer, who had neither evaluated nor treated the child, to present testimony outside of her review of the appointed expert's file. The Committee Note to Rule 12.363 states in pertinent part:

*1264 This rule should be interpreted to discourage subjecting children to multiple interviews, testing, and evaluations, without good cause shown. The court should consider the best interests of the child in permitting evaluations, testing, or interviews of the child. The parties should cooperate in choosing a mental health professional or individual to perform this function to lessen the need for multiple evaluations.
This rule is not intended to prevent additional mental health professionals who have not treated, interviewed, or evaluated the child from testifying concerning review of the data produced pursuant to this rule.
It is obvious from the above comments that the rule was intended to limit the participation of a professional, such as Ms. Strayer, to an examination only of the court-designated expert's file for the purpose of critiquing it. Nothing reasonably appears in the rule that would authorize such professionals to offer an opinion on the ultimate fact at issue.[2] It is unclear from the judgment of dissolution whether the court's PRC determination may have been influenced by Ms. Strayer's testimony extraneous to that authorized in the rule. In order to clarify the issue, we remand the case for the trial court to revise its judgment by limiting its review of Ms. Strayer's testimony solely to that permitted by rule 12.363(b)(2).
Finally, we are troubled by the absence of any finding whatsoever in the judgment relating to the factor of alleged domestic violence or child abuse by the father, as provided in section 61.13(3)(l). Evidence of same was clearly before the court, and it appears to have been the determinative cause of the parties' separation, yet the court either overlooked or ignored such evidence in making its decision. We are not unaware that a trial court is generally not required to rule on a custody issue by making findings on all statutory factors. See Murphy v. Murphy, 621 So.2d 455, 456 (Fla. 4th DCA 1993). Nevertheless, as occurred in Ford v. Ford, 700 So.2d 191 (Fla. 4th DCA 1997), this court is unable to conduct meaningful appellate review of the PRC issue without the lower court explicitly addressing what appears to be a very serious incident, culminating in the mother's distraught 911 call to the local police. The court should address as well the mother's charges of numerous acts of abuse the father directed toward her older son, and whether such conduct might affect the father's right to be awarded PRC of the parties' biological child.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN and BOOTH, JJ., and SMITH, Senior Judge, concur.
NOTES
[1] Appellant also assails the trial court's finding that the mother continued to shower with the older child, which was denied by the mother, as lacking any foundation in competent, substantial evidence, and refers to the father's "unsupported testimony." The trial court, however, resolved the evidentiary conflict in favor of the father, and we clearly cannot re-weigh that factual determination.
[2] Contrast the provisions of rule 12.363(b)(2) with those of 12.363(c), allowing an expert who has treated, tested, etc., the child to testify if good cause exists to permit the testimony. See Bridges v. Bridges, 734 So.2d 551 (Fla. 4th DCA 1999).