ERVIN, J.,
dissenting.
While conceding that competent, substantial evidence supports the trial court’s decision to place primary residential custody of the parties’ 3-1/2-year-old daughter with the former husband, I find nothing in the record to support the court’s factual determination that the former wife repeatedly violated the court’s previous orders, which the court cited as the basis for its conclusion that the wife would in all likelihood frustrate the husband’s visitation in the future. Given the fact that the error is significant, I consider it impossible for us to decide that absent the erroneous finding, the lower court would have nonetheless reached the same result.
Most of the examples cited in the majority’s opinion to justify the lower court’s visitation-frustration-finding have nothing to do with visitation, and are therefore irrelevant to such consideration. Regarding the wife’s decision to seek employment as a teacher outside the Sneads area, where the parties resided, the record reveals that the position offered to her in Starke paid considerably more than the job offers she had received in Sneads. Indeed, the trial court commented upon this fact at the hearing. Despite her acceptance of out-of-town employment on the advice of previous counsel, the mother did not interfere with the father’s weekly visitation with the child in any way. In fact, she resigned her teaching position and moved back to Sneads upon learning that her re-location could affect the court’s decision regarding residential custody. Finally, nothing exists in the record in the *486 form of pleadings, orders, or testimony remotely suggesting the mother violated any prior court orders relating to visitation. Under the circumstances, I consider that an informed review of the issue requires nothing less than reversal of the custody order and a remand of the case to the trial court for it to address separately each of the criteria of section 61.18(3), Florida Statutes (2003), that is applicable to the facts at bar.
Although I acknowledge that our review of a custody decision turns on the highly deferential standard of whether the trial court abused its discretion, nevertheless, this court’s substantial case law has repeatedly recognized that if such decision rests in part on an erroneous finding or on matters outside the record, remand may be required for clarification or for consideration of the record evidence without reference to the erroneous finding. See, e.g., Collins v. Collins, 873 So.2d 1261, 1264 (Fla. 1st DCA 2004) (where court was unable to determine whether trial court’s primary residential custody decision was influenced by unauthorized testimony, cause was remanded for revision of final judgment by limiting review of professional’s testimony to that allowed by Family Law Rule 12.363(a)(1)); Clark v. Clark, 825 So.2d 1016, 1017 (Fla. 1st DCA 2002) (court reversed, finding the supplemental final judgment erroneous as a matter of law, because it relied, at least in part, on matters outside the record); Packard v. Packard, 697 So.2d 1292, 1293 (Fla. 1st DCA 1997) (court found it could not review trial court’s custody determination without resorting to speculation concerning the court’s intended definition of a “traditional family environment,” and reversed and remanded for clarification).
For the above reasons, I would reverse the lower court’s custody determination and remand the case for further proceedings consistent with this dissent.