955 So.2d 1201 (2007)
Jerry Saenz HUGHES, n/k/a Jerry Saenz O'Neal, Appellant,
v.
Timothy HUGHES, Appellee.
No. 1D06-0428.
District Court of Appeal of Florida, First District.
May 8, 2007.
*1202 Marsha W. Montgomery, Pensacola, for Appellant.
E. Jane Brehany, Pensacola, for Appellee.
PER CURIAM.
The former wife appeals that portion of a final judgment of dissolution of marriage awarding primary residential custody of the parties' daughter to the former husband (the appellee). Because the record evidence failed to show (and, accordingly, the trial court did not find) that the former wife's sexual misconduct (after the parties' separation, but before their divorce became final) had a direct bearing or impact on the parties' child's welfare, the court should not have considered this factor in resolving the issue of custody. See Dinkel v. Dinkel, 322 So.2d 22, 23 (Fla.1975) (quashing the district court's opinion and remanding with directions to reinstate that part of the dissolution decree awarding primary residential custody of the child to the adulterous former wife, where no competent substantial evidence indicated the adulterous conduct had any direct bearing on the child's welfare, and competent substantial evidence supported the trial court's conclusion that awarding custody to the former wife was in the child's best interest); Burger v. Burger, 862 So.2d 828, 832-33 (Fla. 2d DCA 2003); Jacoby v. Jacoby, 763 So.2d 410, 413 (Fla. 2d DCA 2000); Packard v. Packard, 697 So.2d 1292, 1293 (Fla. 1st DCA 1997) (noting that, although a parent's sexual conduct may be considered in determining "moral fitness" under the statute, the focus should be on whether the parental behavior had a direct impact on the child); Maradie v. Maradie, 680 So.2d 538 (Fla. 1st DCA 1996); Smith v. Bloom, 506 So.2d 1173, 1176 (Fla. 4th DCA 1987). However, because the trial court made sufficient findings of fact from the record to support its conclusion that six of the factors set out in section 61.13(3), Florida Statutes (2001), favor the former husband, and that the remaining factors are either inapplicable to the instant facts or are neutral or equal as to the parties, we conclude that any error in the trial court's considering the "moral fitness" factor is harmless error. In this significant respect, this case is distinguishable from the Dinkel and Packard line of decisions.
*1203 The final judgment of dissolution of marriage is AFFIRMED.
BROWNING, C.J., WOLF and KAHN, JJ. concur.