409 So.2d 1133 (1982)
Nan G. BROWN, Appellant,
v.
Stewart Thomas BROWN, Appellee.
No. 81-768.
District Court of Appeal of Florida, Fourth District.
February 10, 1982.
Gary E. Southworth, Hollywood, for appellant.
Paul V. DeBianchi, Fort Lauderdale, for appellee.
HURLEY, Judge.
This is a child custody case in which we are asked to establish a priority between the tender years doctrine and the principle that children of divorced parents should be kept together in the same household. We apply the long-established rule that the prime consideration in child custody cases is the best interests of the individual child and, therefore, under the facts of this case, we conclude that the trial court erred by failing to apply the tender years doctrine.
Nan and Stewart Brown were divorced in 1981 after almost seventeen years of marriage. Their three children, Joel, Angela and Kara were 16, 14, and 3, respectively. It is undisputed that both Mr. and Mrs. Brown are fit, loving and nurturing parents. Although both sought custody of all three children, the trial court acceded to the older children's wishes and placed them in their father's custody. Kara, however, was placed in joint custody which, as defined by the court, means that she is to reside with her father and have visitation with her mother on alternate weekends and during *1134 the summer school recess. The trial court gave this explanation for its decision:
KARA BROWN was awarded to the Father during the school term for the sole reason of keeping the three siblings together in light of the older daughter, ANGELA BROWN's affection for her sister, KARA.
We recognize the distinction between joint custody and a child's primary residence and wish to note that joint custody is not at issue in this case. Indeed, where, as here, both parents are mature and responsible individuals, there is a great deal to be said for a custody arrangement which preserves the parental role of both parties and encourages shared responsibility and joint decision-making for the benefit of the child. Thus, our sole concern is whether the provision for Kara's primary residence is a valid exercise of the trial court's discretion. In this regard, we are keenly aware of the limitations which circumscribe our review. "[I]n a child custody proceeding, it is the function of the trial judge to determine what is in the best interests of the child. An appellate court should not reverse the trial judge's findings absent a showing of abuse of discretion." Ross v. Ross, 321 So.2d 443, 444 (Fla. 3d DCA 1975).
The trial court's order reflects a deep concern that the children remain together. This principle of non-separation is grounded in the recognition that there is often a bond of interdependence among siblings which, if left intact, can serve as a source of mutual support and can help to lessen the trauma of divorce. In Arons v. Arons, 94 So.2d 849 (Fla. 1957), the court discussed the elemental underpinnings of this doctrine:
[C]hildren in a family should not be separated from each other and distributed about in different homes, except for the most compelling cause. For while brothers and sisters may not have a legal right to remain together, to share each others lives, and to grow up together, certainly they have a natural right to do so. Justice requires that society exercise its moral duty to insure that children in a family enjoy this right until such time as absolute necessity and the welfare of the children, itself, requires their separation.
Id., at 853.
At the same time, it is clear that the principle of non-separation "is not absolute and is subject to a determination as to what custody arrangement would be best for the [individual] child." Collier v. Collier, 384 So.2d 697, 698 (Fla. 4th DCA 1980). Indeed, the case at bar exemplifies the need for individual evaluation. Here, the age differential between Kara and her two older siblings is particularly significant. Undoubtedly they love each other, but it is obvious that the nature of their relationship is affected by the substantial difference in their ages (16, 14 and 3). They are more like parent and child than brother and sister. Thus, while principles such as non-separation provide some guidance, it remains imperative that the court evaluate the singular needs of each child in determining the issue of custody.
Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975), reiterated the basic precept for determining custody of children of tender years:
While Fla. Stat. § 61.13(2), F.S.A., provides for equal consideration of the spouses in the award of custody, it is still the law in this State that, other essential factors being equal, the mother of the infant of tender years should receive prime consideration for custody.
Id., at 24. This principle was discussed in the case at bar by Dr. Burton Cahn, a psychiatrist who testified on behalf of the mother. He said:
From zero until four and a half, five years old, in the life of every child, the essential person in that child's life is the mother. She is the nurturing person. (Tr. 164). I maintain it's extremely important for her three year old little girl to be with her mother. Far more important, she'd be with the mother rather than the father. (Tr. 154). I would certainly have her take the three year old daughter. I think that's essential. That's vital. (Tr. 163).
Few issues are more difficult than the determination of a child's custody when *1135 both parents are exceptionally fit and loving. The trial court recognized this dilemma and made a valiant effort to safeguard what was left of the family unit. Yet in doing so, we believe the court placed the good of the whole above that of the individual. Due to her young age, Kara has special needs which require independent evaluation. The court's order reflects that all factors are equal save for the fact that the two older children elected to live with their father. Although we can envision situations in which preservation of the family unit would be sufficient to tip the balance, we find that it is inadequate here. In light of the substantial age differential between Kara and her two older siblings, we hold that the principle of non-separation did not provide sufficient justification to avoid the tender years doctrine. Thus, the trial court erred when it declined to make the mother's home Kara's primary residence.
Accordingly, we affirm the final judgment in all respects except for those portions which establish the father's home as Kara's primary residence and which require the mother to pay child support. We remand the cause with instructions to make the mother's home Kara's primary residence and to reconsider the issue of child support in light of this change.
Affirmed in part and reversed in part and remanded with instructions.
GLICKSTEIN, J., concurs.
GREEN, OLIVER L., Associate Judge, dissents with opinion.
GREEN, OLIVER L., Associate Judge, dissenting.
I respectfully dissent. The trial judge was faced with a close issue of custody. In my estimation, any decision would have been correct, or, at least, not fraught with reversible error.
Perhaps undue emphasis is being placed on the wording of the Final Judgment in which the trial judge is quoted as holding that the "sole reason" for awarding custody of Kara Brown (the youngest child) to the father during the school term, was so that the children would remain together. This factor may have been critical, but certainly did not constitute the sole reason. Contested custody decisions are seldom, if ever, that simple.
I would affirm the ruling of the trial judge.