486 So.2d 708 (1986)
In re the MARRIAGE OF Lyndell Kevin KERR, Appellant,
v.
Debra Ann Kerr, Appellee.
No. 85-1270.
District Court of Appeal of Florida, Fifth District.
April 17, 1986.
Devo A. Heller of Brinson, Smith, Heller & Smith, P.A., Kissimmee, for appellant.
Debra Ann Kerr, pro se.
DAUKSCH, Judge.
This is an appeal from a judgment in a marriage dissolution case. The only point on appeal is the denial of the father's right to have overnight visitation with his twoyear old son. The trial judge ruled "(t)he husband shall not have overnight visitation with the child due to the tender years until further order of this Court."
We assume the trial judge was applying the "tender years doctrine" which has been effectively abolished in Florida by section 61.13(2)(b)(1), Florida Statutes (1983) which provides:
Custody and Support of Children; Visitation Rights; Power of Court in Making Orders.
... It is the public policy of this state to assure each minor child frequent and continuing contact with both parents after the parents have separated or dissolved their marriage and to encourage parents to share the rights and responsibilities of child rearing. Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody without regard to the age of the child.
There was no evidence in the record that the father was unable to care for his child overnight and he was certainly willing to do so. It was error to deny the father and the child their visitation.
The judgment is affirmed in all respects except the denial of the overnight visitation.
AFFIRMED in part; REVERSED in part.
COBB, C.J., and ORFINGER, J., concur.