PER CURIAM.
Donna Mae Dean appeals from the final judgment of dissolution regarding child custody, the failure to award alimony, the amount of attorney’s fees awarded, and the failure of the trial court to order return of her personal property. We affirm in part and reverse in part.
In a child custody proceeding it is the function of the trial judge to determine what is in the best interest of the child. Brown v. Brown, 409 So.2d 1133 (Fla. 4th DCA 1982). The award of child custody to the husband was within the trial court’s discretion and the record supports the trial court’s determination.
We reverse the award of attorney’s fees because there is no basis for the amount awarded in the record. Barbarite v. Barbarite, 464 So.2d 618 (Fla. 4th DCA 1985). We also hold that it was error for the trial court to fail to make an award of rehabilitative alimony to the wife. The record shows ability to pay on the part of the husband and need on the part of the wife, as well as the wife’s insufficient earning skills. Rehabilitative alimony is proper to provide training necessary to develop potential supportive skills. Haass v. Haass, 468 So.2d 1053 (Fla. 4th DCA 1985). Finally, we direct the trial court on remand to order the husband to return the wife’s personal property.
Accordingly we affirm the trial court’s determination as to custody of the minor child. We reverse that part of the final judgment regarding attorney’s fees and rehabilitative alimony and remand this case to the trial court for further proceedings in *747 accordance with this opinion. We also direct the trial court to order the husband to return the wife’s personal property. The final judgment is otherwise affirmed.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
HERSEY, C.J., and DELL and WALDEN, JJ., concur.