HALL, Judge.
Richard E. Cuffie, Jr. challenges the order granting primary residential custody of his two minor children to Chanel A. Johnson, the mother of the children and his former wife. We reverse.
On August 6, 1986, Richard filed a petition for dissolution of the parties’ marriage. The parties attempted a reconciliation but were not successful. On May 8, 1987, Richard filed an amended petition for dissolution. On May 14, the trial judge entered a temporary injunction, upon motion of Richard, enjoining the parties from harassing each other and granting Richard custody of the parties’ children pending further order of the court. Pursuant to Chanel’s motion to dissolve the injunction, the court entered an order directing that each party would have custody of the children for two weeks at a time on a rotating basis. After a final judgment of dissolution was entered on December 4, 1987, the trial judge entered an order finding that both parties are fit and proper persons to have residential custody of the children but awarding primary residential custody to Chanel and liberal visitation rights to Richard. Upon denial of his motion for rehearing, Richard instituted this appeal of that order.
Richard contends that the trial judge abused his discretion in determining that Chanel should have primary custody of the parties’ children because the judge ignored the requirement of section 61.13(2)(b)l, Florida Statutes (1987), that “after considering all relevant facts, the father of the child shall be given the same consideration as the mother in determining the primary residence of a child irrespective of the age of the child.”
At the hearing on Richard’s motion for rehearing, the trial judge gave the following explanation for his determination of custody:
So I would deny the motion for rehearing in that matter. The court simply did not find any particular reason to deny Mrs. Johnson custody of the children.
Not that Mr. Cuffie’s not a good father. I think they’re both good parents. And I think the evidence showed, and several witnesses testified that they were both good parents for these children.
And in a situation like that, I simply did not find that there was any basis or reason to deny her custody of these — of these children.
MS. MARRAH: Respectfully, your Honor—
MR. HANSON: Your Honor — .
MS. MARRAH: I believe the statutes provide that a father is to be given the same consideration for custody, regardless of the age of the child.
THE COURT: He was given the same consideration, counselor. But there was no basis—
Perhaps you’re saying there was no basis to deny him custody.
MS. MARRAH: That’s correct, your Honor.
THE COURT: There was not [sic] basis to deny her custody.
Although the judge stated that he gave Richard the same consideration as Chanel, his statements that there was no basis to deny Chanel custody reveal that he was operating under the presumption that the mother is to be given custody unless the evidence indicates otherwise. As section 61.13(2)(b)l provides, this is not a proper presumption. Furthermore, there was substantial competent evidence that Chanel should have been denied custody. The court social investigator recommended that *589 the parties be given shared parental responsibility but that Richard be given primary residential custody because “Richard Cuffie appears to be able to provide the children with more stability than the mother.... Chanel Johnson’s interest seem [sic] more directed toward herself than her children.” Also, the director of the children’s day care center testified that the children “were a little bit more hyped when they were going two weeks with their mom and they were more settled when they would visit with their father when they started — first started going.”
We find that the trial court abused its discretion in awarding custody of the minor children to Chanel. Accordingly, we remand this case to the trial court with directions that it amend the third and fourth paragraphs of the custody order to award primary residential custody to Richard and liberal visitation rights to Chanel.
REMANDED.
SCHEB, A.C.J., and PATTERSON, J., concur.