568 So.2d 471 (1990)
James M. USHER, Appellant,
v.
Lori Jan USHER, Appellee.
No. 90-00640.
District Court of Appeal of Florida, Second District.
October 3, 1990.
Rehearing Denied November 1, 1990.
Heather Adair Harwell, St. Petersburg, for appellant.
Timothy Daniel of Hyatt Legal Services, St. Petersburg, for appellee.
RYDER, Judge.
James M. Usher (father) challenges the nonfinal order rendered February 27, 1990, which transferred temporary custody of the parties' two minor children to Lori Jan Usher (mother). We reverse because the mother failed to carry her burden of showing a substantial change of circumstances to justify the transfer. See Agudo v. Agudo, 411 So.2d 249 (Fla. 3d DCA), review denied, 418 So.2d 1278 (Fla. 1982).
Section 61.13(3), Florida Statutes (1989), provides the court with guidelines for determining the best interests of the children in matters regarding custody. Additionally, section 61.13(1)(b)1, Florida Statutes (1989), instructs the court to give the father the same consideration as the mother *472 when determining custody. See Stamm v. Stamm, 489 So.2d 851 (Fla. 5th DCA 1986). While the mother's argument regarding the "tender years doctrine" has merit, it is not without exception. The doctrine directs the trial court to give prime consideration to the mother when determining custody of young children. However, the doctrine only applies after the trial court finds that both parents equally meet the criteria of section 61.13(3). See Dinkel v. Dinkel, 322 So.2d 22, 24 (Fla. 1975).
In the instant case, not only was there a lack of evidence to justify the transfer, but also, the evidence presented weighed against awarding temporary custody to the mother. Both parents do not meet the criteria of section 61.13(3); the factors are not equal. Both expert witnesses testified that it was not in the best interests of the children to transfer custody. The record revealed that the mother continues to suffer from alcohol abuse. In fact, the order directs the mother to continue treatment for her alcohol abuse problem. It should be noted that initially the mother was restricted in her visitation rights because her abuse of alcohol was likely to lead to child abuse. None of the evidence presented showed that the father was in any way unfit to have custody.
We hold that the trial court abused its discretion in transferring custody of the two minor children to the mother because there was insufficient evidence to support the transfer. See Ross v. Ross, 321 So.2d 443 (Fla. 3d DCA 1975). Therefore, we reverse and remand the cause to the trial court for entry of an order restoring custody to the father. We also direct the trial court to hold proceedings to determine the appropriate visitation rights that should be accorded to the mother.
Reversed and remanded with instructions.
SCHOONOVER, C.J., and SCHEB, J., concur.