593 So.2d 602 (1992)
Lamar Dale WAGLER, Appellant,
v.
Melissa G. WAGLER, Appellee.
No. 91-1232.
District Court of Appeal of Florida, First District.
February 11, 1992.
Samuel T. Adams, Panama City, for appellant.
No appearance by the appellee.
*603 PER CURIAM.
Lamar Wagler (father) challenges an order awarding custody of the parties' minor child to Melissa Wagler (mother). The father asserts that there was not competent substantial evidence to support the trial court's finding that the parties' fitness to maintain the primary residence of the minor child is substantially equal. We determine that it is not apparent from the record how the trial court reached the conclusion that the parties were equally fit to care for the minor child. We, therefore, reverse and remand.
A final hearing on the dissolution of marriage was held in March of 1991. Both parties sought custody of their minor child, who was born on April 16, 1985. The child had lived with the father for approximately one year prior to the hearing.
Testimony at the hearing revealed that when the child lived with the mother they resided in dirty, cluttered rooms and efficiency apartments. The mother had resided in 12 different residences in the past three years. There was also some evidence that the mother did not provide for the basic needs of the child in the areas of cleanliness, food, health care, and companionship. Several witnesses testified that when the child was residing with the mother, he was withdrawn, did not look healthy, and did not appear to be eating well.
The evidence also revealed that the mother was on probation at the time of trial for selling various prescription drugs. Prior to trial, the mother had completed a probationary period for passing worthless checks in three separate cases. At the hearing, the mother asserted her fifth amendment privilege and refused to answer questions about other drug sales she had made, but for which she had not been arrested.
The mother did not deny her living circumstances and conduct prior to the time the child was placed in the continuous custody of the father. The mother testified that it was financial circumstances that prevented her from properly caring for the child, and that she had become more stable and would now be able to properly care for the child.
The testimony concerning the child's living conditions while living with the father reflected an entirely different situation. The father has resided in the same two-bedroom, two-bath condominium in Broward County for several years. He placed the child in school, and the testimony reflected that the child was doing well. Several witnesses testified that since the child has been in the father's care the child appears healthier and more outgoing. The wife admitted the husband was a good father. There was some evidence that the father had frequented bars during the marriage and had used drugs prior to the birth of the child. Unlike the erratic behavior of the mother which continued while she had custody of the child, there is no evidence that the questionable behavior of the father took place while the child was in the father's custody.
While the evidence reflected that the father and the mother had members of the opposite sex staying in their homes while the child resided with them, there is no evidence that any sexual activity occurred in front of the child. Evidence was presented which showed that the father earned slightly more than the mother.
At the conclusion of the hearing, the trial judge stated,
I'm still old fashioned enough to believe that a child of this age is best served in the custody of the mother if all other things are equal and they're pretty equal. So that was the reason for my ruling.
In its final written order, the trial court found that the parties were substantially equal in their earning abilities and in their respective fitness to maintain the primary physical residence of their minor child. The trial court concluded, "It is in the best interests of a child of this age to be placed in the custody of the mother all other things being equal."[1]
*604 The primary consideration in a child custody proceeding is the best interests of the child. Stamm v. Stamm, 489 So.2d 851 (Fla. 5th DCA 1986). Section 61.13(3), Florida Statutes (1989), lists the factors to be considered in evaluating the interests and welfare of the child. When the statutory factors are considered, it is not readily apparent from the evidence the reason that the court felt that the child's best interests would be equally served by either the mother or the father. We, therefore, remand the cause to the trial court either to conduct further proceedings or explain on what basis it determined that the child's interests would be equally served by the father or the mother.
WIGGINTON and WOLF, JJ., concur.
ALLEN, J., concurs in result only.
NOTES
[1] Appellant asserts as one point on appeal that the trial court erred in applying the presumption in favor of the mother in light of the language in § 61.13(2)(b)(1), Fla. Stat. (1989), which requires that "the father of a child be given the same consideration as the mother in determining the primary residence of a child irrespective of the age of the child." It is unnecessary for us to reach the question of the continued viability of the "tender years doctrine" in light of our holding here that the evidence did not readily support the finding that the parties were equally capable of meeting the best interests of the child. See Usher v. Usher, 568 So.2d 471 (Fla. 2nd DCA 1990).