PATTERSON, Judge.
Robert James Powell, III, challenges the final judgment of dissolution of marriage which grants primary residential custody of the parties’ four-year-old child, Robert James Powell, IV, to the mother, Begonia Jimenez Powell. We reverse.
The parties stipulated to the appointment of a guardian ad litem to assist the court in the resolution of the custody issue. In a thorough and detailed written report, the guardian recommended that primary residential custody be awarded to the father. In spite of the recommendation, the trial judge granted custody to the mother, stating that:
I simply was not satisfied in this ease that there was any particular reason to deny the mother the custody of this child.
[[Image here]]
If there are problems, if the child is abused, if the child is mistreated, the mother doesn’t care for the child, doesn’t want the child, then that’s another story.... If the child is not being raised probably [sic], and if there are serious problems in rearing the child, and the mother is at fault, then I don’t think there should be any question that she should not have custody.
The trial judge labored, as he did in Cuffie v. Cuffie, 564 So.2d 587 (Fla. 2d DCA1990), under the misapprehension that the primary residential custody of a child of tender years may be denied to a mother only if she is determined to be unfit. The trial judge further stated:
I’m very familiar with the Kuffy [sic] case. ... and I don’t mind saying [the Second District] made a very serious error.
[[Image here]]
If the District Court of Appeals thinks differently about this, then that’s their job
[[Image here]]
Thus, the trial judge, in the face of our decision in Cuffie, took it upon himself to defy the clear legislative mandate of section 61.13(2)(b)(l), Florida Statutes (1989),[1] resulting in this needless appeal. Accordingly, we reverse that portion of the final judgment which awards the primary residential custody of the minor child to the mother and remand for a redetermination of the issue of primary custody in accord- *32 anee with the law.[2]
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE, J., concur.

. Section 61.13(2)(b)(l), states:
The court shall determine all matters relating to custody of each minor child of the parties in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction Act. It is the public policy of this state to assure that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities of childrearing. After considering all relevant facts, the father of the child shall be given the same consideration as the mother in determining the primary resi *32 dence of a child irrespective of the age or sex of the child.

. On remand the findings and recommendations of the guardian ad litem should be afforded due consideration.