636 So.2d 850 (1994)
Deborah A. KETOLA, Appellant,
v.
Daniel C. KETOLA, Appellee.
No. 93-4024.
District Court of Appeal of Florida, First District.
May 9, 1994.
*851 John P. Townsend, Fort Walton Beach, for appellant.
James C. Campbell of Simpson, Simpson and Campbell, Fort Walton Beach, for appellee.
ZEHMER, Chief Judge.
This is an appeal by the former wife from an order entered in this dissolution of marriage case that determined to place primary residence of her minor child with the former husband. It is sufficient to say that the evidence presented supports the trial court's ruling that both parties are fit and proper parents, that it is in the child's best interests that they share parental responsibility for the child's care and rearing, and that the former husband should be the primary residential parent of the child. Nor was it error for the trial court to deny Appellant's motion for rehearing alleging certain events that occurred subsequent to the final hearing.[1] Finding no abuse of discretion in the trial court's decision on either point raised by Appellant, we affirm without discussion with the exception of one matter. We write only to express our views on the current viability of the so-called "tender years" doctrine.
Among other things, the former wife argues that the trial court erred in failing to consider and apply the "tender years" doctrine when performing the analysis required by section 61.13, Florida Statutes (1993), and reaching its decision to name the father as primary residential parent. She relies primarily on Usher v. Usher, 568 So.2d 471 (Fla. 2d DCA 1990), Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975), and DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA), rev. denied, 551 So.2d 461 (Fla. 1989). We reject this argument because certain amendments now incorporated in subsection 61.13(2) have clearly and effectively negated any further application of the "tender years" doctrine.
The "tender years" doctrine gives a preference to the mother of a child of tender years in matters of custody determination. Under this doctrine, as stated by the supreme court, "other essential factors being equal, the mother of the infant of tender years should receive prime consideration for custody." Dinkel v. Dinkel, 322 So.2d at 24. In Anderson v. Anderson, 309 So.2d 1 (Fla. 1975), notwithstanding the language in subsection 61.13(2), Florida Statutes, that then provided, "Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody," the court held that the preference recognized by the tender years doctrine remained the law of this state. The court reasoned that subsection 61.13(2) "providing for equal consideration of the father in the award of custody is not inconsistent with this rule of law historically enunciated by the courts." 309 So.2d at 2. Thus, whatever the legislative intent underlying this provision in subsection 61.13(2) may have been, the supreme court continued to insist on following the preference created by the "tender years" doctrine. Since these decisions, however, legislative amendments intended to override the court's persistence in applying this doctrine have been enacted.
Subsection 61.13(3) provides in part that when determining the child's best interests with respect to parental responsibility and primary residence, the trial court shall *852 evaluate "all factors affecting the welfare and interests of the child, including but not limited" to those factors listed in this subsection. Subsection (2)(b)1 of section 61.13 now provides that "[a]fter considering all relevant facts, the father of the child shall be given the same consideration as the mother in determining the primary residence of a child irrespective of the age or sex of the child." (Emphasis added.) Effective July 1, 1982, the phrase "regardless of the age of the child" was added to the original language in subsection 61.13(2). Ch. 82-96, § 1, at 233, Laws of Fla. Effective July 1, 1991, this provision was amended again to read "irrespective of the age or sex of the child." Ch. 91-246, § 4, at 2411, Laws of Fla. These amendments clearly evidence an intent to abolish any and all preference for a mother over the father to receive custody of their minor child, regardless of the age or sex of the child. The legislative history in the Florida State Archives reveals that the Staff Report issued by the House Judiciary Committee on House Bill 62 and Senate Bill 439, these being the companion bills that contained the amending language in 1982 ultimately enacted as part of chapter 82-96, confirms this construction of the statutory language. That report recites that the amending language "would indicate the Legislature's intent to override the `tender years' doctrine and if successful, might prove to be the most substantial change included in this legislation." Accordingly, we agree with the Fifth District's decision in Kerr v. Kerr, 486 So.2d 708 (Fla. 5th DCA 1986), that subsection 61.13(2)(b)1, Florida Statutes (1983), effectively abolished the "tender years doctrine" in Florida. Accord Barnes v. Frazier, 509 So.2d 401, 402 (Fla. 5th DCA 1987) ("The trend in current jurisprudence is to treat both sexes equally, and the Shared Parental Responsibility Law is designed to achieve that goal in the realm of child custody.").[2]
The Legislature has now established unequivocally that it is the public policy in this state to give no preference to either the mother or the father in judging each parent's right to custody or primary residence of the minor child; rather, that determination will have to rest upon an impartial evaluation of the factors listed in subsection 61.13(3). Accordingly, the courts have no business perpetuating a court-made doctrine of preference that is patently inconsistent with this policy. To the extent that the decisions in Usher v. Usher and DeCamp v. Hein may be inconsistent with our construction and application of subsection 61.13(2), we decline to follow them.[3]
AFFIRMED.
KAHN and BENTON, JJ., concur.
NOTES
[1] This decision is not intended to foreclose Appellant from seeking modification upon the requisite showing of substantial change in circumstances.
[2] The following commentators agree that one of the effects of the 1982 and subsequent amendments to section 61.13 is the abolishment of the tender years doctrine:

(1) Stanton L. Cobb, Parental Responsibility, II Florida Dissolution of Marriage, § 11.42, at 11-59 (Fla.Bar CLE July 1993) ("The Florida Legislature continued to reject the tender years doctrine, despite its reaffirmation by the courts. A 1982 amendment to F.S. 61.13(2)(b) gives the father and mother equal consideration in determining custody regardless of the age of the child. After a 1991 amendment, F.S. 61.13(2)(b)1 now requires the father to receive equal consideration irrespective of the age or sex of the child. Even after this statutory mandate, some courts reasserted the doctrine. DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA 1989), rev. den. 551 So.2d 461. On the other hand, some courts have recently reversed orders awarding custody to a mother without giving equal consideration to the father. See Powell v. Powell, 604 So.2d 30 (Fla. 2d DCA 1992); Wagler v. Wagler, 593 So.2d 602 (Fla. 1st DCA 1992); Cuffie v. Cuffie, 564 So.2d 587 (Fla. 2d DCA 1990).").
(2) Renee Goldenberg, Pity the Poor Child and the Practitioner: Handling Current Issues Concerning Parental Responsibility, 61 Fla.B.J. 45 (Nov. 1987) (citing Barnes for the principle that the trend in Florida is to treat both sexes equally in child custody cases, whether the child is legitimate or illegitimate, and noting that the determination of which party should be the primary residential parent would be according to section 61.13 and the 10 factors listed in subsection (3) of that statute).
[3] See M. Katherine Ramers, The Tender Years Doctrine Survives Surgery, 16 Fam.L.Comm. 1 (Fla.Bar Jan. 1991) ("Reports of its demise were premature. The Tender Years Doctrine has been tracked to Florida Courts where despite a little reconstructive surgery, it otherwise thrives in custody disputes.").