645 So.2d 80 (1994)
Debbie A. KUUTTI, a/k/a Debbie A. Drecksel, Appellant,
v.
Tommi L. KUUTTI, Appellee.
No. 93-0411.
District Court of Appeal of Florida, Fourth District.
November 9, 1994.
*81 The Legal Aid Soc. of Palm Beach County, Inc. and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellant.
Thomas J. McLaughlin of Thomas J. McLaughlin, P.A., Hollywood, for appellee.
EN BANC
STONE, Judge.
We consider this appeal en banc to maintain uniformity in this court's opinions and to clarify our recognition that the "tender years" doctrine has been abrogated by section 61.13(2)(b)1, Florida Statutes.
We affirm an amended final order designating the appellee/father as the primary residential parent of the parties' 18-month-old child. The mother asserts that the court erred by not applying the "tender years doctrine" and by disregarding the child's best interest. The record reflects that the child was conceived during a very brief marriage. The mother knew that she was pregnant prior to the final hearing, but testified that she was not. When the father subsequently learned the truth, he petitioned to modify the final judgment.
The trial court heard testimony by the parties, their former spouses, and lay and expert witnesses concerning the parenting ability of each parent vis-a-vis the child, the parties' other children, and the best interests of the child. Both parties are the primary residential parents of children by prior marriages. The father, working part-time, cares for two daughters, ages nine and ten; the mother, a full-time homemaker, cares for a seven-year-old son. The father has moved his office into the home and plans to work about 20 hours a week.
The trial court's findings of fact placed emphasis on the first factor listed in section 61.13(3), Florida Statutes, concluding that the father was more likely than the mother to allow frequent and continuing contact with the other parent. § 61.13(3)(a), Fla. Stat. (1993). The court considered the mother's conduct: keeping her pregnancy secret from the father; refusing to discuss the child with the father before birth; resisting his attempts to be involved in the child's life, including secretly conducting a Mormon blessing and naming ceremony, usually conducted by the baby's father, without notice to the father; and cutting short scheduled visitations. The court also considered difficulties between the mother and her first husband in connection with his visitation rights.
Although the trial court found that the child's emotional ties with the mother were stronger at the time of trial, it recognized the strong bond between the child and his father as well. § 61.13(3)(b), Fla. Stat. (1993).
The court found that the fifth statutory factor, permanence of the family unit, favored the father. The court emphasized the mother's history of brief or unstable relationships. § 61.13(3)(e), Fla. Stat. (1993). The court noted that while there were no school and community records to consider for the child under subsection 61.13(3)(h), the father's other two children had more outstanding records than did the mother's other child. The court also recognized a bond between the child and his half siblings. In connection with "[a]ny other fact," § 61.13(3)(k), the court considered that the father "is an unusually *82 perceptive, patient, loving and caring parent."
A trial court has substantial discretion in making child custody decisions. Collier v. Collier, 384 So.2d 697 (Fla. 4th DCA 1980). See also Whitney v. Whitney, 402 So.2d 1351 (Fla. 4th DCA 1981). The court is required to determine all matters relating to custody of minor children "in accordance with the best interests of the child." § 61.13(2)(b)1, Fla. Stat. (1993). The legislature has expressed the public policy of this state as follows: "After considering all relevant facts, the father of the child shall be given the same consideration as the mother in determining the primary residence of a child irrespective of the age or sex of the child." Id. (emphasis added).
There is support in the record for the trial court's findings, which, patently, were considered in an effort to determine the child's best interests. Although the mother characterizes the proceedings in terms of a "modification," it must be noted that custody of the child of the marriage was never determined in the final dissolution because the mother denied pregnancy. Therefore, there is no requirement that the petition and evidence show substantial change of circumstances, as in a typical modification proceeding. See Wozniak v. Wozniak, 456 So.2d 1318 (Fla. 3d DCA 1984).
The mother substantially relies upon language in this court's opinion in DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA), rev. denied, 551 So.2d 461 (Fla. 1989), arguing that, there, this court recognized the continuing validity of the "tender years" doctrine, a preference for awarding custody to the mother when the child is young. In DeCamp, we rejected the conclusion of the Fifth District, in Kerr v. Kerr, 486 So.2d 708 (Fla. 5th DCA 1986), that section 61.13(2)(b)1 had abolished the tender years doctrine, determining instead that the "equal rights provision" of the statute only applies after considering "all relevant facts," one of which still must be the tender years doctrine. See DeCamp, 541 So.2d at 709-10.
We note the emphasis placed on the sex of the child in DeCamp, and that the legislature subsequently added to subsection 61.13(2)(b)1 that the father be given equal consideration "irrespective of the age or sex of the child." Ch. 91-246, § 40, at 2411, Laws of Fla. (emphasis added). Recently the First District, in Ketola v. Ketola, 636 So.2d 850 (Fla. 1st DCA 1994), reviewed the legislative history of the amendments to section 61.13(2) when it followed Kerr and acknowledged a possible conflict with DeCamp:
Subsection (2)(b)1 of section 61.13 now provides that "[a]fter considering all relevant facts, the father of the child shall be given the same consideration as the mother in determining the primary residence of a child irrespective of the age or sex of the child." (Emphasis added.) Effective July 1, 1982, the phrase "regardless of the age of the child" was added to the original language in subsection 61.13(2). Ch. 82-96, § 1, at 233, Laws of Fla. Effective July 1, 1991, this provision was amended again to read "irrespective of the age or sex of the child." Ch. 91-246, § 4, at 2411, Laws of Fla. These amendments clearly evidence an intent to abolish any and all preference for a mother over the father to receive custody of their minor child, regardless of the age or sex of the child... . Accordingly, we agree with the Fifth District's decision in Kerr v. Kerr, 486 So.2d 708 (Fla. 5th DCA 1986), that subsection 61.13(2)(b)1, Florida Statutes (1983), effectively abolished the "tender years doctrine" in Florida. Accord Barnes v. Frazier, 509 So.2d 401, 402 (Fla. 5th DCA 1987)... .
The Legislature has now established unequivocally that it is the public policy in this state to give no preference to either the mother or the father in judging each parent's right to custody or primary residence of the minor child; rather, that determination will have to rest upon an impartial evaluation of the factors listed in subsection 61.13(3). Accordingly, the courts have no business perpetuating a court-made doctrine of preference that is patently inconsistent with this policy. To the extent that the decisions in Usher v. Usher [568 So.2d 471] [(1990)] and DeCamp v. Hein may be inconsistent with *83 our construction and application of subsection 61.13(2), we decline to follow them.
636 So.2d at 852.
While we recognize that the result in DeCamp can stand on its own merits independent of its discussion of the tender years doctrine, we cannot simply dismiss, as dicta, this language indicating a preference for the mother:
Third, passing next to the question of whether the husband or the wife should be preferred as the custodial parent of two female children aged one and three, we note the provision in section 61.13(2)(b)(1) that "the father of the child shall be given the same consideration as the mother in determining the primary residence of the child irrespective of the age of the child." (emphasis supplied) This statutory language at first blush appears to abolish the tender years doctrine, as indeed the Fifth District believes it has. See Kerr v. Kerr, 486 So.2d 708 (Fla. 5th DCA 1986). Yet, this very same section also provides that the equal rights provision only applies "after considering all relevant facts." (emphasis supplied) Relevant facts should obviously include, at least in part, some consideration of the tender years doctrine. It is true that the doctrine can no longer be dispositive because the 1983 amendment to the statute added the "irrespective of age" language; however, we do not believe the doctrine has been totally abolished. For example, a six-month-old baby being nursed by her mother should obviously be in her mother's custody, unless the judge found her unfit. In the case at bar, there is no mention of whether the one-year-old was being nursed by the mother. Nonetheless, our version of common sense suggests that, under the facts of this particular case, the one-year-old female infant and her three-year-old sister preferably should reside with the mother. In Brown v. Brown, 409 So.2d 1133 (Fla. 4th DCA 1982), Judge Hurley quoted with approval the testimony of a psychiatrist who opined: "From zero until four and a half ... the essential person in that child's life is the mother.... I maintain it's extremely important for [a] three year old little girl to be with her mother." True, that case was decided before the 1983 amendment to the statute, as was the seminal case of Dinkle v. Dinkle [sic], 322 So.2d 22 (Fla. 1975), yet the psychiatrist's pronouncement in Brown would still, in our opinion, prove to be a relevant factor in deciding the primary residence of these two baby girls.
DeCamp, 541 So.2d at 709-10 (emphasis added).
We deem it necessary to recede from any implication in that DeCamp language indicating that this court may not be in accord with the view that the tender years doctrine has been effectively abolished. But having clarified this, we also emphasize that we do not recede from the recognition, in DeCamp, that the relevant facts considered in any given case still may properly include reference to the age or sex of a child, whenever it is relevant in weighing the statutory factors.
Given the intervening amendments to section 61.13, we do not consider this opinion to clash with the supreme court's recognition of a tender years doctrine in Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). We do, however, as did the court in Ketola, acknowledge possible conflict with Usher v. Usher, 568 So.2d 471 (Fla. 2d DCA 1990).
As the record demonstrates the trial court's due consideration of the statutory factors, and as we find no abuse of discretion, the amended final order is affirmed.
DELL, C.J., and HERSEY, GLICKSTEIN, GUNTHER, WARNER, POLEN, FARMER, PARIENTE, and STEVENSON, JJ., concur.
KLEIN, J., recused.