662 So.2d 751 (1995)
Soulaymane CHERRADI, Appellant,
v.
Christiane LAVOIE, Appellee.
No. 95-1701.
District Court of Appeal of Florida, Fourth District.
November 15, 1995.
*752 Soulaymane Cherradi, Fort Lauderdale, pro se appellant.
Vicki L. Plant, Fort Lauderdale, for appellee.
PARIENTE, Judge.
The father of a minor child appeals the trial court's decision designating the mother of the child as primary residential parent and permitting the mother to relocate with the child to Canada. Because the trial court improperly utilized the tender years doctrine to designate the mother as primary residential parent, we are compelled to reverse the trial court's order.
The parties, Canadian citizens, married in Canada in 1984. Their son was born in Florida on May 30, 1991 and was less than two years old at the time of his parents' separation in March of 1993. Except for a short period, the child's primary residence since the separation has been with the mother, with frequent visitation by the father. Evidence at trial indicated that the mother, a nurse, was the primary financial provider during the marriage, while the father pursued scholastic endeavors and took care of their child. The father continued to care for his son while the mother was at work even after the parties' separation.
In its order determining custody, the trial court detailed its findings regarding several of the statutory factors enumerated in section 61.13(3), Florida Statutes (Supp. 1994):
(1) Both parents love the minor child and have equally developed emotional ties with the minor child.
(2) Both parents have equally provided the minor child with a stable and satisfactory environment. Both parents desire to maintain this environment for the minor child.
(3) Both parents have created acceptable homes for the minor child and either home would be acceptable as the primary custodial home.
(4) Both parents are morally fit as parents.
(5) Both parents are willing and able to facilitate a close and continuing relationship between the minor child and the other parent.
In addition, the trial court included the following consideration to favor awarding custody to the mother:
(6) The minor child is of tender years and the Court is considering the Tender Years Doctrine in this case in light of [DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA 1989) and Kuutti v. Kuutti, 645 So.2d 80 (Fla. 4th DCA 1994)]. However, the Court is not giving the Tender Years Doctrine or the age of the child more emphasis than the other criteria set forth in Florida Statute 61.13(3). Therefore, in this particular category, the wife is the preferred primary residential parent.
Thus the trial court, after considering certain enumerated statutory factors, essentially found that both parents would be equally fit candidates to be the primary residential parent. Only the trial court's improper application of the statutorily-abolished tender years doctrine tipped the scales in favor of designating the mother as primary residential parent.
Subsection 61.13(2)(b)1, Florida Statutes (Supp. 1994), expressly states:
The court shall determine all matters relating to custody of each minor child of the parties in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction Act. It is the public policy of this state to assure that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities of childrearing. After considering all relevant facts, the father of the child shall be given the same consideration as the mother in determining the primary *753 residence of a child irrespective of the age or sex of the child.

(Emphasis supplied). The tender years doctrine is not a relevant fact, but an impermissible gender-based preference favoring the mother as custodian of a young child.
It is true that in DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA), review denied, 551 So.2d 461 (Fla. 1989), we rejected the fifth district's conclusion in Kerr v. Kerr, 486 So.2d 708 (Fla. 5th DCA 1986), that subsection 61.13(2)(b)1 had abolished the tender years doctrine. In DeCamp we determined that "the equal rights provision" of the statute only applies after considering "all relevant facts," one of which still must be the tender years doctrine. DeCamp, 541 So.2d at 709-10.
Following our decision in DeCamp the first district, in Ketola v. Ketola, 636 So.2d 850 (Fla. 1st DCA), review dismissed, 649 So.2d 233 (Fla. 1994), followed Kerr and acknowledged a possible conflict with DeCamp. The first district reviewed the legislative history of the statutory amendments to section 61.13 which "clearly evidence an intent to abolish any and all preference for a mother over the father to receive custody of their minor child, regardless of the age or sex of the child." Ketola, 636 So.2d at 852. It concluded that:
The Legislature has now established unequivocally that it is the public policy in this state to give no preference to either the mother or the father in judging each parent's right to custody or primary residence of the minor child; rather, that determination will have to rest upon an impartial evaluation of the factors listed in subsection 61.13(3). Accordingly, the courts have no business perpetuating a court-made doctrine of preference that is patently inconsistent with this policy.
Id.
In our en banc opinion in Kuutti v. Kuutti, 645 So.2d 80 (Fla. 4th DCA 1994), we expressly receded from any implication in DeCamp that the tender years doctrine was still viable:
We deem it necessary to recede from any implication in that DeCamp language indicating that this court may not be in accord with the view that the tender years doctrine has been effectively abolished.
Kuutti, 645 So.2d at 83.
At the same time, we recognized in Kuutti that the age or sex of a child may still properly be considered in conjunction with other statutory factors:
[W]e do not recede from the recognition, in DeCamp, that the relevant facts considered in any given case still may properly include reference to the age or sex of a child, whenever it is relevant in weighing the statutory factors.
Id.
Perhaps this language caused the trial court confusion because, relying on DeCamp and Kuutti, the trial court impermissibly applied the gender-based tender years doctrine as a separate factor, giving preference to the mother as primary residential parent solely because of the minor child's tender years. It was not our intention in Kuutti to resuscitate the tender years doctrine, but rather to explain that a trial court is not precluded from evaluating the age or sex of the child in connection with any other relevant statutory factors or unenumerated factors affecting the welfare and interests of the child. For example, the abolition of the tender years doctrine does not preclude a trial court from considering, based on evidence presented to it, that the emotional ties between a child and one particular parent may be stronger because of the child's age or sex.
We recognize that the trial court here was presented with a difficult decision because it appears that this minor child is blessed with two loving and nurturing parents. We are ordinarily reluctant to overturn any decision involving the trial court's exercise of its discretion where there is competent substantial evidence to support an award of primary residential custody to either parent. Gardner v. Gardner, 545 So.2d 339, 340 (Fla. 4th DCA 1989). However, we cannot disregard the fact that the trial court expressly applied the tender years doctrine after finding that the parents were otherwise equally fit candidates.
On remand the trial court may re-evaluate any factors it previously considered and evaluate *754 any additional relevant factors affecting the welfare and interests of the child. See § 61.13(3)(k), Fla. Stat. (Supp. 1994). These factors may include the capacity and disposition of the parents to provide the child with food, clothing, medical care and other material needs. See § 61.13(3)(c), Fla. Stat. (Supp. 1994). The trial court may also specifically receive additional evidence and re-evaluate which parent is more likely to encourage and foster continuing contact with the noncustodial parent. See § 61.13(3)(j), Fla. Stat. (Supp. 1994); Vena v. Vena, 556 So.2d 436, 437 (Fla. 5th DCA 1990).
Concerning the trial court's decision to allow the mother to relocate, the trial court properly evaluated the factors in Mize v. Mize, 621 So.2d 417 (Fla. 1993), before reaching its decision. Therefore, if on remand the trial court, after evaluating the statutory factors, designates the mother as primary residential parent, we discern no basis in the present record for overturning the trial court's decision to allow relocation.
Because our decision involves the custody of a minor child, we have expedited consideration of this case and would anticipate on remand that the trial court would likewise consider this case on an expedited basis. Accordingly while we do not encourage a motion for rehearing, any motion for rehearing shall be filed within seven (7) days and any response within five (5) days thereafter.
REVERSED AND REMANDED.
WARNER and POLEN, JJ., concur.