668 So.2d 329 (1996)
Angelia SULLIVAN, Appellant,
v.
Robert L. SULLIVAN, Appellee.
No. 95-2106.
District Court of Appeal of Florida, Fourth District.
February 21, 1996.
Angelia Sullivan, Fort Pierce, pro se appellant.
Robert L. Sullivan, Port St. Lucie, pro se appellee.
PARIENTE, Judge.
This is a pro se appeal by the mother, the former wife, from Final Judgment of Dissolution of Marriage which awarded primary residential custody of the parties' minor child to the father, the former husband. Appellant contests this award claiming that she should have been given custody of the minor child as she is his mother. However, the "tender years" doctrine has been statutorily abolished, and courts may not give any preference in determining custody to the mother based solely on the age of the child. See § 61.13(2)(b)1, Fla. Stat. (1993); Cherradi v. Lavoie, 662 So.2d 751 (Fla. 4th DCA 1995). Instead, courts must evaluate all relevant statutory factors affecting the welfare and interests of the child. See § 61.13(3), Fla.Stat. (1993). The trial court's determination of custody made *330 after evaluation of these factors is subject to an abuse of discretion standard of review. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
In this case, there was a final hearing by the trial court at which evidence relevant to each of the statutory factors was presented and considered by the court. Based on the record before us, it appears that the trial court appropriately evaluated the relevant statutory factors in reaching its decision. The record on appeal contains only a brief excerpt of the court's oral pronouncement of its decision to award custody of the minor child to the father and does not contain a transcript of the evidence taken at that hearing. While we are not unsympathetic to the plight of appellant who asserts she cannot afford a transcript of the entire hearing, in the absence of a record demonstrating reversible error, we must conclude that the trial court acted properly. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
We therefore affirm the final judgment.
GLICKSTEIN and STEVENSON, JJ., concur.