669 So.2d 1136 (1996)
Robert Daniel CHITTENDEN, Appellant,
v.
Clayton BOYD and Janice Boyd, as natural guardians of Heather Mary Boyd, a minor, Appellees.
Nos. 94-3035, 95-0163 and 95-0368.
District Court of Appeal of Florida, Fourth District.
March 20, 1996.
*1137 Hal Vogel of Hal S. Vogel, P.A., Hollywood, and Barry I. Finkel of Frankel & Finkel, P.A., Pompano Beach, for appellant.
Tracy Belinda Newmark of Fixel & La Rocco, Hollywood, for appellees.
DELL, Judge.
Robert Chittenden (appellant) filed an action against Heather Boyd (appellee)[1] for designation of a primary residential parent and to otherwise determine visitation of the parties' child, Sarah Chittenden. Appellee answered the complaint, but did not include a claim for attorney's fees. Appellee first raised the issue of attorney's fees the day before trial during her deposition of appellant. Appellant objected to questions related to recovery of attorney's fees because appellee had not pled an entitlement to such. The next morning when trial began, appellee brought the attorney's fees issue before the trial court. Appellant again objected on the basis that appellee had not requested attorney's fees in her answer. The trial court deferred ruling on the matter.
After a nonjury trial, the trial court entered its final judgment designating appellee as the primary residential parent. The final judgment contained the findings required by section 61.13(3), Florida Statutes (1993), to determine the primary residential parent. The trial court found that the applicable statutory factors weighed equally in each party's favor, except that appellee would be more likely to foster contact with the nonresidential parent. However, the trial court also stated that it could consider any other factor it found relevant and explicitly noted its consideration of the tender years doctrine in making its decision.
After the trial court entered the final judgment, appellee filed a motion for attorney's fees. Despite appellant's objection concerning appellee's failure to plead an entitlement *1138 to attorney's fees, the trial court awarded attorney's fees to appellee.
Appellant contends the trial court erred when it considered the tender years doctrine as a factor in making its designation of the primary residential parent. Appellant also contends the trial court erred in awarding appellee's attorney's fees where she had not pled a claim for such fees and where he never acquiesced to the request. We find merit in each of these arguments.
We recognize that when the trial court made its determination of the primary residential parent in this case, it did not have the benefit of this court's opinions in Kuutti v. Kuutti, 645 So.2d 80 (Fla. 4th DCA 1994), and Cherradi v. Lavoie, 662 So.2d 751 (Fla. 4th DCA 1995). We must apply the decisional law in effect at the time of the appeal. Kocha & Jones, P.A. v. Greenwald, 660 So.2d 1074 (Fla. 4th DCA 1995). In Kuutti, this court, in an en banc opinion, recognized and held that the tender years doctrine had been abolished. More recently in Cherradi, this court reversed a primary residential parent designation because the trial court had utilized the tender years doctrine. Here, as in Cherradi, we must reverse the trial court's determination of the primary residential parent because it erroneously considered the tender years doctrine in making that determination. We cannot consider the error harmless because the trial court found, with the exception that appellee would be more likely to foster contact with the nonresidential parent, the statutory factors were equally balanced. Under these circumstances, the record does not adequately show that the trial court would make the same determination without its consideration of the tender years doctrine.
We also must reverse the award of attorney's fees. In Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991), the supreme court held that a party's failure to plead a claim for attorney's fees constitutes a waiver of entitlement to the fees. However, Stockman sets forth an exception to this rule:
Where a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees.
Id. at 838. Appellant correctly argues that the Stockman exception does not apply in the instant case. Appellee failed to plead an entitlement to fees and did not move to amend her pleadings at any time before entry of the final judgment. Upon finally receiving notice the day before trial commenced of appellee's intention to recover attorney's fees, appellant promptly and consistently objected to appellee's failure to plead a claim for the fees. Stockman therefore requires that we reverse the attorney's fee award. See Taylor v. T.R. Properties, Inc. of Winter Park, 603 So.2d 1380 (Fla. 5th DCA 1992).
Accordingly, we reverse the trial court's finding that appellee should be the primary residential parent as well as the award of attorney's fees. Upon remand, the trial court shall reconsider its determination of the primary residential parent without consideration of the tender years doctrine. The trial court may make its determination from the existing record or conduct such further hearings and receive additional evidence as it may deem necessary to determine the primary residential parent of Sarah Chittenden.
REVERSED and REMANDED.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] At the time of filing, Heather Boyd was a minor, and appellant accordingly filed the action against her parents as the guardians of Heather Boyd. During the pendency of the proceedings, Heather Boyd attained the age of majority, and the trial court granted appellant's motion to designate Heather Boyd as the sole defendant.