STEVENSON, J.
This is an appeal by the husband, Scott C. Gallivan, of a non-final order of the Broward County circuit court dated August 19, 1999, in a pending dissolution action, which required the husband to return the parties’ minor children to the wife’s home in Michigan no later than August 27, 1999. On August 23, 1999, this court granted the husband’s emergency motion for stay pending review and ordered a response; on August 31, 1999, after reviewing the wife’s response, this court ordered that the stay remain in effect until further order of court.
A brief review of the facts and the rather convoluted procedural history of this *1186 ease would be helpful. Subsequent to the filing of the petition for dissolution by the wife in July of 1998, the husband moved to Virginia, and the wife, by tacit agreement between the parties, retained custody of the three minor children and moved to her home state of Michigan. In May of 1999, the wife attempted suicide and the husband filed an emergency motion for temporary custody and went to Michigan to help care for the children.
On June 4, 1999, the trial court ordered the husband to serve as temporary custodial parent but held that the wife and children would continue to reside in the wife’s Michigan home until the school year ended. Additionally, either the husband, the wife’s parents or the wife’s brothers had to be present in the home, so that the children would not be left alone with the wife. After the school year, on June 20, the children were to leave with the husband for Virginia. Curiously, the order provided that as soon as the children went to Virginia with the husband for “summer visitation,” temporary custody would revert to the wife, who could have supervised visitation with the children but could not remove them from Virginia without court order. In the order on appeal, the trial court granted the wife’s July 16, 1999 motion to have the children return to Michigan to reside with her. The order granting the wife’s motion provided in part that:
The children shall be returned to Michigan no later than August 27, 1999 in order to prepare for school. When the children return to Michigan, Petitioner/Wife shall vacate the home and reside elsewhere but a relative of the parties shall reside with the children in the home. Petitioner/Wife may see the children and visit with the children as long as there is another relative present during such times. The children shall be returned to Michigan so that they can go back to their schools, counselors, and Mends and be in familiar surroundings.
We agree with the husband’s argument that the trial court abused its discretion in ordering the children to return to the wife’s Michigan residence without hearing any evidence to support a conclusion that such a move was in their best interest. In dissolution actions, the trial court is required to determine matters of child custody in accordance with the best interests of the minor children. See § 61.13(2)(b)l., Fla. Stat. (Supp.1998); Kuutti v. Kuutti, 645 So.2d 80, 82 (Fla. 4th DCA 1994); Bowles v. Bowles, 384 So.2d 299 (Fla. 4th DCA 1980). Our review of the record and the June 4 order convinces us that the parties and the court clearly contemplated that some evidence bearing on the wife’s current ability to care for the children would be taken prior to the children being returned to her custody in Michigan. The order itself provided that during the period the children were with the husband in Virginia, the court would “hold further hearings and/or status conferences in order to have the Court remain fully advised in the best interests of the children as well as the wife’s condition.” Because no competent and substantial evidence was heard bearing on the appropriateness of returning the children to the wife in Michigan, the children should have been required to remain with the husband in Virginia, where the court had most recently ordered them. Cf. Usher v. Usher, 568 So.2d 471 (Fla. 2d DCA 1990)(revers-ing transfer of temporary custody of two minor children from fit father to mother who continued to suffer alcohol abuse; trial court abused its discretion where there was insufficient evidence to support the transfer).
Accordingly, we reverse the order on appeal and direct the trial court on remand not to change the children’s residence from Virginia until it holds an evidentiary hearing to determine the issue of custody and the best interests of the children.
REVERSED and REMANDED.
GUNTHER and FARMER, JJ., concur.