SCHWARTZ, Chief Judge.
As in Ruiz v. Machin, 753 So.2d 789 (Fla. 3d DCA 2000), Kerr v. Kerr, 486 So.2d 708 (Fla. 5th DCA 1986) and Adamson v. Chavis, 672 So.2d 624 (Fla. 1st DCA 1996), the temporary order under review is reversed to the extent that it denied the father the present right to overnight visitation with his twenty-two month old child, and the cause is remanded with directions to order that such visitation be immediately afforded. We take this occasion to reemphasize that, notwithstanding an apparently wide-spread belief to the contrary, there is nothing about “overnight visitation” which permits its treatment as an exception to the doctrine that both parents of children of any age must be treated equally. § 61.13(2)(b)1, Florida Statutes (2000); Kerr, 486 So.2d at 708. When, as in this case, in which the trial court specifically held that “[t]here is a lack of substantial competent evidence that would prevent more extensive visitation between the [feather and minor child,” there is no basis to deny it, the law requires that overnight visitation be granted. See also Saenz v. Saenz, 602 So.2d 973 (Fla. 3d DCA 1992), review denied, 613 So.2d 8 (Fla.1992). This opinion shall become effective immediately, notwithstanding the filing of any motion for rehearing.
Reversed.