884 So.2d 1169 (2004)
Mark JOHNSON, Appellant,
v.
Robin ADAIR, Appellee.
No. 2D03-5452.
District Court of Appeal of Florida, Second District.
October 29, 2004.
*1170 Mark Johnson, pro se.
Robin Adair, pro se.
WALLACE, Judge.
Mark Johnson (the Father) appeals the trial court's "Supplemental Final Judgment Modifying Parental Responsibility/Visitation." Because the trial court improperly utilized the "tender years" doctrine to designate Robin Adair (the Mother) the primary residential parent, we reverse the trial court's order.
On June 18, 1997, the parties entered into a Joint Stipulation as to Paternity, Parental Responsibility, Visitation, and Support of the parties' minor child. On October 8, 1997, the parties' stipulation was approved, and its exact terms were incorporated into a Final Judgment of Paternity, Parental Responsibility, Visitation, and Support. Under the Final Judgment, primary residential responsibility was awarded to the Mother, and the Father was awarded regular and frequent visitation. However, on March 1, 2001, the trial court entered an Order on Supplemental Petition for Modification of Final Judgment of Paternity. In this order, the trial court awarded the parties shared parental responsibility and ordered joint, rotating custody. Under these new arrangements, the parties rotated custody of the minor child every seven days.
On March 27, 2002, the Mother filed a supplemental petition for modification seeking to regain primary residential responsibility for the minor child. In response, the Father filed a counterpetition for modification on June 27, 2002, seeking sole parental responsibility for the minor child or, in the alternative, primary residential responsibility. On October 23, 2003, the trial judge stated her oral ruling. She analyzed the statutory factors for determining primary residence detailed in section 61.13(3), Florida Statutes (2002), and concluded that the factors were either *1171 equal or not applicable. Nevertheless, the trial judge made the following oral ruling:
I am going to modify the custody and visitation ... and it's based on the age of the child at this point. If the child were older I would be giving primary to the father. But because the child is eight years old I am giving a modified type of primary custody to the mother.
The trial judge also stated to the Father, "I know you want me to give you primary custody, and the reason I'm not giving you primary custody is because of the age of the child at this time." Finally, in the Supplemental Final Judgment Modifying Parental Responsibility/Visitation entered on October 29, 2003, the trial judge declared: "If the child were older, this court would be granting primary residency to the Father, because the evidence indicates that he attempts to follow the visitation and holiday orders."
Subsection 61.13(2)(b)(1) expressly states:
The court shall determine all matters relating to custody of each minor child of the parties in accordance with the best interests of the child and in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act. It is the public policy of this state to assure that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities, and joys, of childrearing. After considering all relevant facts, the father of the child shall be given the same consideration as the mother in determining the primary residence of a child irrespective of the age or sex of the child.

(Emphasis added.) The First, Fourth, and Fifth District Courts of Appeal have interpreted the underlined portion of subsection 61.13(2)(b)(1) as clearly negating any further application of the "tender years" doctrine. See Cherradi v. LaVoie, 662 So.2d 751 (Fla. 4th DCA 1995); Ketola v. Ketola, 636 So.2d 850 (Fla. 1st DCA 1994); Kerr v. Kerr, 486 So.2d 708 (Fla. 5th DCA 1986).
The "tender years" doctrine gives a preference to the mother of a child of tender years in matters of custody determination. Under the doctrine, with "other essential factors being equal, the mother of the infant of tender years should receive prime consideration for custody." Dinkel v. Dinkel, 322 So.2d 22, 24 (Fla.1975). In Anderson v. Anderson, 309 So.2d 1 (Fla.1975), the Florida Supreme Court held that the preference recognized by the "tender years" doctrine remained the law of the state despite subsection 61.13(2), which then provided, "Upon considering all relevant factors, the father of the child shall be given the same consideration as the mother in determining custody." However, since these decisions, legislative amendments have been enacted "to override the court's persistence in applying this doctrine." Ketola, 636 So.2d at 851.
Subsection (2)(b)(1) of section 61.13 now provides that "[a]fter considering all relevant facts, the father of the child shall be given the same consideration as the mother in determining the primary residence of a child irrespective of the age or sex of the child." Effective July 1, 1982, the phrase "regardless of the age of the child" was added to the original language in subsection 61.13(2). Ch. 82-96, § 1, at 233, Laws of Fla. Effective July 1, 1991, this provision was amended again to read "irrespective of the age or sex of the child." Ch. 91-246, § 4, at 2411, Laws of Fla.
The First District has held that these amendments "clearly evidence an intent to abolish any and all preference for a mother over the father to receive custody of their *1172 minor child, regardless of the age or sex of the child." Ketola, 636 So.2d at 852. In doing so, the court noted the Staff Report issued by the House Judiciary Committee on House Bill 62 and Senate Bill 439, which stated that the amending language "would indicate the Legislature's intent to override the `tender years' doctrine." Id.
Since the First District's decision in Ketola, the Fourth District has expressly receded from any implication in DeCamp v. Hein, 541 So.2d 708 (Fla. 4th DCA 1989), suggesting that the court was not in accord with the view that the "tender years" doctrine had been effectively abolished. Kuutti v. Kuutti, 645 So.2d 80 (Fla. 4th DCA 1994). In 1995, the Fourth District further clarified its position and held that the age or sex of the child cannot be considered by the trial court as a separate factor in determining who should be the primary residential parent, but the trial court may consider the age or sex of the child in connection with any other relevant statutory factor affecting the interests of the child. Cherradi, 662 So.2d at 753.[1]
In the present case, the record demonstrates that the trial court expressly based its decision to grant the Mother primary residential responsibility solely on the basis of the child's age. Moreover, the trial court's statements that it was basing its decision on the age of the minor child were not made in reference to its analysis of the statutory factors enumerated in section 61.13(3). Thus we are unable to conclude that the court was considering the age of the minor child in connection with any other relevant statutory factor. Therefore, the trial court erred when it based its decision regarding primary residential responsibility on the child's age.
The trial court also erred in modifying the joint custody arrangement because it did not apply the test for considering the modification of child custody arrangements enunciated in Gibbs v. Gibbs, 686 So.2d 639 (Fla. 2d DCA 1996). The Gibbs test has been summarized as follows:
The test is a two-pronged one. "First, the party seeking to modify a custody decree must plead and establish that circumstances have substantially changed since the final judgment... [and s]econd, the petitioner must establish that the change has such an important impact on the child that the court is justified in imposing a change of custody in the 'best interests' of the child." The "best interests" prong is proven when the trial court finds that a "change in custody will so clearly promote or improve the child's well-being to such an extent that any reasonable parent would understand that maintaining the status quo would be detrimental to the child's overall best interests."
Blosser v. Blosser, 707 So.2d 778, 781 (Fla. 2d DCA 1998) (quoting from Gibbs, 686 So.2d at 641) (citations omitted).
We have previously required that the Gibbs test be applied to requests for the modification of joint custody arrangements. Ring v. Ring, 834 So.2d 216 (Fla. 2d DCA 2002); Newsom v. Newsom, 759 So.2d 718 (Fla. 2d DCA 2000); Cassin v. *1173 Cassin, 726 So.2d 399 (Fla. 2d DCA 1999). Here, the trial court erroneously limited its inquiry to a consideration of the factors set forth in section 61.13(3), as if it were making an initial custody determination. On the issue of the applicability of the standard enunciated in Gibbs to the modification of rotating custody arrangements, we certify conflict with the decision of the Fifth District Court of Appeal in Wade v. Hirschman, 872 So.2d 952 (Fla. 5th DCA 2004).
We reverse the trial court's order awarding the Mother primary residential responsibility. We remand this case to the trial court to reconsider the parties' petitions for modification without the application of the "tender years" doctrine and in accordance with Gibbs. The trial court may receive additional evidence if necessary.
Reversed and remanded.
CASANUEVA and VILLANTI, JJ., concur.
NOTES
[1] In Ketola, the First District noted that its decision may be inconsistent with this court's decision in Usher v. Usher, 568 So.2d 471 (Fla. 2d DCA 1990), and later, the Fourth District acknowledged that its opinion in Kuutti possibly conflicted with Usher. See Kuutti, 645 So.2d at 83; Ketola, 636 So.2d at 852. Because the discussion in Usher of the "tender years" doctrine was dicta, that opinion does not conflict with this court's current position that a reasonable reading of subsection 61.13(2)(b)(1) results in the conclusion that the "tender years" doctrine has been abolished by the legislature. See Usher, 568 So.2d at 472.